BENJAMIN H. PAUL *vs.* WILLIAM H. THORNDIKE.

Knox.    Opinion December 9, 1902.

*Real Action.    Judgment.    Estoppel.*

When it appears that the defendant in a real action, has previously recovered a judgment for the same premises that are here demanded, in an action wherein the plaintiff was one of the defendants, *held;* that the former judgment, so long as it remains unreversed, is conclusive against the plaintiff.

In the former action the present plaintiff had an opportunity to set up in defense the facts now relied upon by him. It was his duty in that case to make his whole defense. If he had shown a better title than did the plaintiff in that case, he would have been entitled to a judgment in his favor. The facts now relied upon by him in this new action cannot be shown for the purpose of impeaching the validity of the judgment recovered by this defendant in the former action.

The doctrine of estoppel by judgment is applicable although the judgment relied upon was one as of mortgage, and although the present plaintiff was one of several defendants in that suit.

On report.    Judgment for defendant.

Real action in which the facts appear in the opinion.

*J. H. Montgomery,* for plaintiff.

*C. E. and A. S. Littlefield; J. S. Foster,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J. Real action. The case comes to the law court upon report. The plaintiff claims under a warranty deed dated December 30, 1886, duly recorded, from his father, Benjamin P. Paul, who admittedly had the title to and possession of the demanded premises at the time of his deed to the plaintiff. This would of course make out a prima facie case for the plaintiff.

But the following facts are further disclosed by the record: Upon the day of the conveyance to the plaintiff, he mortgaged the demanded premises, together with other real estate, to the Camden Savings Bank to secure a loan of $800, of which $300 only was ever drawn by the mortgagor; on July 6, 1887, the mortgage was assigned by the savings bank to Benjamin P. Paul; and on August 3, 1891, the latter mortgaged the demanded premises to the defendant to secure a loan of $250; at the September Term of this court for Knox County, this defendant entered a real action to recover the same premises that are now demanded, against this plaintiff and five others, all heirs of Benjamin P. Paul, who had deceased prior to the commencement of that suit; the defendants in that suit appeared by counsel and the case was continued; at the December Term 1897, Benjamin H. Paul filed a motion that the action be dismissed, but no sufficient reason therefor was assigned in the motion and it was consequently overruled; at the same term, the plaintiff in that action, upon his motion, recovered judgment as of mortgage for the premises demanded in that action, being the same described in the writ in this suit; a writ of possession was duly issued, properly served, returned and recorded and the defendant has since had possession of the premises. The defendant relies upon the judgment recovered in this suit wherein he was plaintiff, and this plaintiff and others were defendants, and in which the demanded premises were the same as in this.

The plaintiff contends that at the time of the mortgage to the defendant from Benjamin P. Paul, the latter had no title to or interest in the premises, except as the holder of the mortgage to the

savings bank which had been assigned to him, and which, the case shows, had never been foreclosed; that the mortgage to the defendant, therefore, conveyed no title to him, and was not even sufficient to make him even an equitable assignee of the savings bank mortgage.

But, assuming this to be all true, it cannot affect the validity of the judgment relied upon by the defendant as an estoppel. The plaintiff in this suit was a party to the one in which the judgment was rendered. If he had any defense to that suit he had an opportunity to make it at that time. He could then have shown, if true, that Benjamin P. Paul had no title to convey to this defendant in mortgage or otherwise, and that consequently that action could not be maintained. It is of no consequence that the facts now relied upon were not set up in defense in the former suit. It was the present plaintiff's duty, in defense to that suit, to make his whole defense. If he had a better title than did the plaintiff in that suit, he could have shown it and would have been entitled to a judgment in his favor.

The judgment in the former action, in which the parties and the subject matter were the same as in this, must be regarded, so long as it remains unreversed, as conclusive upon the plaintiff in this action. The validity of that judgment cannot be attacked in this collateral proceeding. These principals are thoroughly established by the authorities. *Fuller* v. *Eastman,* 81 Maine, 284; *Toothaker* v. *Greer,* 92 Maine, 546.

A judgment as of mortgage in such an action is equally as conclusive as a judgment at common law. Nor is it of any consequence that the judgment relied upon by the defendant was rendered in an action wherein there were other defendants, in addition to the present plaintiff. In a real action judgment may be rendered in favor of some defendants and against others. *Hotchkiss* v. *Hunt,* 56 Maine, 252. This plaintiff, therefore, as defendant in that suit, notwithstanding that there were other defendants, had ample opportunity to make any individual defense that he had. The defendant is consequently entitled to a judgment in his favor, and such will be the entry.

*Judgment for defendant.*