**STATE ex rel. DABNEY, Atty. Gen., v. JOHNSON, Judge.**

No. 18094—Opinion Filed March 8, 1927.

(Syllabus.)

**1. Eminent Domain—Requisites to Exercise of Power—Owner's Consent not Required.**

In the exercise of the power of eminent domain there is nothing in the nature of a contract between the owner of the land and the state, or the corporation to which the power is delegated. The owner's assent is not required and his objections are of no avail; all that is required is that a just compensation shall be made to the owner and the requirements of the law complied with.

**2. Same—Power of Legislature—Delegation to Officials—Interference by Courts.**

In this state the necessity, utility, or expediency of the exercise of the right of eminent domain is vested in the Legislature, or the Legislature may delegate that power to public officials, and a court has no power to interfere with the reasonable exercise thereof.

**3. Mandamus—Performance of Ministerial Duty by District Judge.**

Where a litigant has a complete and adequate remedy by appeal, writ of mandamus will not be substituted therefor, but where the district judge refuses to perform a purely ministerial act and it clearly appears from the record that the party complaining is entitled thereto, he may apply to this court

for a writ of mandamus requiring the district judge to perform such ministerial act.

Original application in Supreme Court by the State of Oklahoma, ex rel. Edwin Dabney, Attorney General, against Hal Johnson, District Judge of Pottawatomie County, for writ of mandamus. Writ granted.

Edwin Dabney, Atty. Gen.. and W. C. Lewis, Asst. Atty. Gen., for plaintiff.

Goode & Dierker, for defendant.

PHELPS, J. The state of Oklahoma, ex rel. Attorney General, filed its petition in the district court of Pottawatomie county, praying that three disinterested freeholders be appointed as commissioners to inspect and assess damages to certain real property belonging to J. G. Casper and Grace Casper, which was sought to be condemned as a roadway by the State Highway Commission. Upon motion of the owners of the property the district court dismissed the petition with the following statement:

"And the court being well and sufficiently advised in the premises, is of the opinion that the state of Oklahoma is without power to maintain an action to condemn lands for use as a county highway, and that said motion should, therefore, be sustained."

The state, upon the relation of the Attorney General, then filed this original action in this court against Hal Johnson, the district judge of Pottawatomie county, praying that a peremptory writ of mandamus be issued, directing said district judge to reinstate said petition and to appoint commissioners as prayed for therein.

It is contended by the Attorney General that when the petition praying for the appointment of commissioners to appraise was filed the state had a clear right to have such commissioners appointed, and that the district judge's duties therein were ministerial and that he was without discretion in the matter, excepting as to the personnel of the commission, and that he erred in dismissing the petition upon the grounds that the state was "without power to maintain an action to condemn lands for use as a county highway."

No one will dispute that the right of eminent domain is inherent in the state, subject only to the conditions imposed by law. Our Constitution prescribes certain limitations governing the right of eminent domain, among which is the necessity for the payment of just compensation, which compensation shall be ascertained by a board of commissioners of not less than three free-

holders, appointed from "the regular jury list" by the "judge or court," after reasonable notice. (Section 24, art. 2, of State Constitution.)

In 15 Cyc. 559. the following rule is laid down:

"In the exercise of the power of eminent domain there is nothing in the nature of a contract between the owner and the state or the corporation to which the power is delegated; the owner's assent is not required, and his objections are of no avail; all that is required is that a just compensation shall be made to the owner."

The motion of the landowners to dismiss was in the nature of a demurrer, in that the request for dismissal was based upon the allegation that the state was lacking in power or authority to condemn lands for use as a county highway, or at least that was the reason assigned by the court in its order of dismissal.

Section 11 of chapter 48, Session Laws 1923-4, provides that in "the construction or location of any state highway. or any part thereof. * * *" it is necessary to take private property for public use; that the property shall be "acquired and paid for in the manner as provided by law for the exercise of the right of eminent domain by railroad corporations in this state. * * *"

And section 5501, Comp. Stat. 1921, provides the manner in which railroad corporations may exercise the right of eminent domain, from which section we quote the following:

"The district judge of the county in which said real property may be situated, shall * * * direct the sheriff of said county to summon three disinterested freeholders, to be selected by said judge from the regular jury list of names as commissioners. * * *"

It is contended by the Attorney General that, inasmuch as this provision of the statute directs the judge, and not the court, to merely direct the sheriff to summon three disinterested freeholders, there is nothing in the procedure calling for judicial action and nothing for the judge to decide except the personnel of the commission; that his duties in that regard are merely ministerial. It is as earnestly contended by counsel for respondent that. since the Constitution and statute both provide for notice before the commissioners are selected, the exercise of a judicial function is implied. No adjudicated cases have been cited, however, satisfactorily supporting this contention.

In Arthur v. Board of County Commissioners, 43 Okla. 174, 141 Pac. 1, in the

second and third paragraphs of the syllabus this court said:

"In this state the necessity, utility, or expediency of the exercise of the right of eminent domain is vested in the Legislature, or the Legislature may delegate that power to public officials, and a court has no power to interfere with the reasonable exercise thereof."

We reach the conclusion, therefore, that where the petition calling for the appointment of commissioners reasonably conforms to the provisions of the Constitution and statutes, as it clearly did in this case, no issue is presented calling for a judicial determination and the functions of the court are merely ministerial.

Section 8, chapter 48, Session Laws 1923-4, provides that:

"The highways of the state of Oklahoma shall be divided into three classes, to wit: state highways, county highways and township roads."

And, as hereinbefore stated, it is one of the contentions of defendant's counsel that, since it is the intention to use the property sought to be condemned for a county highway, the State Highway Commission had no jurisdiction or authority to maintain the condemnation proceedings. Counsel for defendant, however, seem to have overlooked section 2 of the same chapter, providing that:

"The State Highway Commission is hereby vested with the powers and duties necessary and proper to enable the commission to fully and effectively carry out all of the objects of this act, and, in addition thereto, shall have the following specific powers and duties:

"(a) Have supervision of highways and bridges which are constructed, improved or maintained, in whole or in part, by the aid of state moneys, and of highways constructed, in whole or in part, by the aid of moneys appropriated by the United States government so far as such supervision is consistent with the Acts of Congress relating thereto.

"(b) Prescribe rules and regulations not inconsistent with this act or other laws of the state of Oklahoma. fixing the duties of all persons employed by the State Highway Commission, and prescribing the manner of co-operation between county, township and city officials with the State Highway Commission.

"(c) Investigate and determine upon the various methods of road and bridge construction to the different sections of this state and as to the best methods of construction and maintenance of state highways and bridges.

"(d) Aid at all times in promoting highway improvement and maintenance throughout the state.

"(e) Let, or supervise the letting of, all contracts for construction or improvement of state highways or any contract for road or bridge construction or improvement where the work is being done in whole or in part with federal moneys."

The petition praying for the appointment of commissioners recites that the road in question is being constructed "by aid of federal and state funds," which, under the above quoted section of the statute, clearly gives the State Highway Commission jurisdiction over and supervision of the construction of the road in question even though it be a county road.

We, therefore, reach the conclusion that the Honorable District Judge erred in dismissing the petition. It is contended, however, that the remedy of the plaintiff was by appeal, but having reached the conclusion that the district judge's duty to appoint the commissioners was ministerial. we see no good reason why the remedy by mandamus may not be properly invoked to require him to perform that duty, since the record in this case, in our judgment, shows a state of facts clearly entitling plaintiff to the writ, and the same is, therefore, granted.

BRANSON, C. J., and HARRISON, LESTER, HUNT, and HEFNER, JJ., concur. CLARK and RILEY. JJ., dissent.

RILEY, J. (dissenting). I think the authority to proceed in the exercise of powers of eminent domain must be specifically alleged and proven. There must be a strict compliance with the statutory requirements in all such special proceedings. Lacik et al. v. Colorado, T. & M. Ry. Co. et al., 25 Okla. 282, 105 Pac. 655.

It may be that the Legislature delegated the power of eminent domain to the Highway Commission as applied to state roads. With that we are not concerned in the case at bar. This action concerns a county highway, and by section 8, chapter 48, Session Laws 1924, it is expressly provided that the highways or public roads of said state shall be divided into state highways and county highways for the purpose of deriving aid from the state highway fund and the federal government, and said act reads in part as follows:

"Provided, further, that the county com-

missioners of the various counties shall have exclusive jurisdiction over the designation, construction and maintenance and repair of all of said county highways and bridges thereon. That the decision of the county commissioners in all matters pertaining to the county highways shall be final and that the empowering clause in this act gives to the county commissioners the same final jurisdiction to designate, construct, hard-surface, maintain or repair county highways and bridges thereof, as is given the State Highway Commission on state highways."

In the case at bar there is an affirmative showing that the lands sought to be taken have never been designated or declared necessary for use in the construction of said county roads by the county commissioners of Pottawatomie county.

I am of the opinion then that, as applied to county highways, if there has been any delegation by the Legislature of the powers of eminent domain, it has been to the county commissioners and not to the State Highway Commission, but conceding for the sake of argument that there may have been some delegation of such powers to the State Highway Commission. I think it necessary that such delegation of authority should be specifically alleged in such a special proceeding.

In the case at bar the action seems to be brought by one Jno. F. Rightmore, and the affidavit reads as follows:

"I, Jno. F. Rightmore, of lawful age being first duly sworn deposes and says as follows: That I am employed as _____ by the Oklahoma State Highway Commission."

I cannot understand how such an affidavit attached to such a pleading can be construed as an allegation of authority to exercise delegated powers of eminent domain.

As to whether a court, in this state, in actions seeking to condemn private property for public or private use, acts judicially or ministerially, has never been an open question in Oklahoma. The Constitution, by article 2, section 24, forever settled that matter in the following language:

"* * * In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question."

See Tuttle v. Jefferson Power & Improvement Co., 31 Okla. 710, 122 Pac. 1102, wherein said constitutional provision is cited, construed, and applied.

See Sholl v. German Coal Co., 118 Ill. 427, 10 N. E. 199, as to necessity of a judicial determination in cases wherein the powers of eminent domain are exercised, in the absence of constitutional provision such as ours.

The power to exercise the right of eminent domain should not be gathered from doubtful inferences, but should be unmistakably expressed. Jenks v. Taunton (Mass.) 116 N. E. 550; Washington Water Power Co. v. Waters, 186 Fed. 572; Ryan Lumber Co. v. Ball (Tex. Civ. App.) 197 S. W. 1037; Central Pacific R. Co. v. Feldman (Cal.) 92 Pac. 849; Binney's Case, 2 Bland (Md.) 99.

It does not necessarily follow that because the carrying out of an authorized work would be impossible unless the power of eminent domain was exercised, therefore the Legislature intended to grant the right to exercise it. Thatcher v. Dartmouth Bridge Co., 18 Pick. (Mass.) 501.

The power to acquire does not imply a power to condemn. State v. King County Sup. Ct. (Wash.) 124 Pac. 127; Littleton v. Berlin Mills Co. (N. H.) 58 Atl. 877.

I think the trial judge's action in dismissing this cause correct and proper. I think the reason assigned was a proper one. I think, should it have been an erroneous reason, there are many others which sustain the court's action. This matter might be properly presented on appeal. I think there is an adequate remedy at law, and I am, therefore, of the opinion that the extraordinary writ should be denied.

Note.—See under (1) 20 C. J. p. 515, §2. (2) 20 C. J. p. 624, §111; 10 R. C. L. p. 195; 2 R. C. L. Supp. p. 989; 6 R. C. L. Supp. p. 605. (3) 38 C. J. p. 565, §36; p. 597, §71; anno. 4 A. L. R. 601; 18 R. C. L. p. 133; 3 R. C. L. Supp p. 788; 4 R. C. L. Supp. p. 1179; 5 R. C. L. Supp. p. 975; 6 R. C. L. Supp. p. 1055.