## HENNEN v. STATE ex rel. SHORT, Atty. Gen.

No. 18104. Opinion Filed May 22, 1928.

(Syllabus.)

**1, 2. Eminent Domain—Requisites to Exercise of Power—Legislative Control—Delegation to Officials—Interference by Courts.**

Paragraphs numbered 1 and 2 of the syllabus in the case of State ex rel. Dabney, Attorney General, v. Johnson, 122 Okla. 241, 254 Pac. 61, are adopted as paragraphs 1 and 2 of the syllabus in this case.

**3. Same—Condemnation of Land for State Highway Purposes—Function of Court.**

Where a petition by the State Highway Commission asking the appointment of commissioners to condemn lands for state highway purposes under chapter 48, Session Laws 1923-24, conforms to the provisions of the Constitution and the act, no issue is presented calling into exercise a judicial determination, and the functions of the court are merely ministerial.

**4. Same—Highways—Powers of State Highway Commission.**

The State Highway Commission, under chapter 48, Session Laws 1923-24, is vested with the power and duty necessary and proper to enable the Commission to fully and effectively carry out all the objects of that act, including the right and power to lay out and maintain state highways, and to make such necessary changes in the highways as are already laid out and established as the exigencies and necessities of the case may require, and to have rights of way con-

demned by procedure under the act for that purpose.

Commissioners' Opinion, Division No. 1.

Error from District Court, Washita County; E. L. Mitchell, Judge.

Petition by State Highway Commission for appointment of freeholders to appraise real estate, belonging to Wannita Hennen, to be used for highway purposes. Judgment for plaintiff, and order appointing freeholders in trial court. Defendant appeals. Affirmed.

P. D. Mitchell, for plaintiff in error.

The Attorney General, for defendant in error.

BENNETT, C. This was a condemnation proceeding by the State of Oklahoma ex rel. George F. Short, Attorney General, against Wannita Hennen, owner of northeast quarter, section 27, township 10 north, range 17 west, Washita county, Okla. The petition sets forth in substance that this is an action instituted in name of the state upon relation of Attorney General, and brought at request of State Highway Commission of state of Oklahoma; that State Highway Commission is building a public highway in Washita county, Okla., designated as Federal Aid Project No. 226, section C, on State Highway No. 14, and that in construction of same, it is necessary to appropriate for its right of way the following property, to wit: A strip of land lying in northeast quarter section 27, township 10 north, range 17 west, in Washita county, Okla., said parcel of land being a right of way 80 feet in width, 40 feet on either side of center line of survey for Oklahoma Federal Aid Project No. 226, section C, and further described by courses and distances, and containing, according to survey, 5.94 acres, more or less; that said property is owned by defendant; that plaintiff has made diligent efforts in good faith to secure by purchase from defendant right of way over above lands, but defendant has refused and now refuses to grant right of way to state for such highway purposes, and that under and by virtue of section 11, chap. 48, Session Laws of Oklahoma 1923-24, Highway Commission is authorized to appropriate above described land for use as a highway for the public. A blue print of said property, marked "Exhibit A," is attached to and made a part of petition, along with an affidavit that said proposed highway is a designated state highway, and that it is necessary to secure a right of way over above described property in order to economically construct proposed highway, and this affidavit, marked "Exhibit B," is attached to and made part of petition. Wherefore, plaintiff prays that three disinterested freeholders, who are not interested in like question, be appointed by the judge to inspect and appraise the injury, if any, which defendant owner may sustain by reason of such appropriation of such land for public purposes, and that plaintiff be authorized to enter upon and make use of the land indicated upon payment of such damages to defendant as may be awarded in premises.

Said affidavit is made by the right of way engineer for Oklahoma State Highway Commission. He states therein that he is in charge of securing all necessary rights of way required for such highway, and that highway No. 14 is now being constructed in Washita county between towns of Cordell and Arapaho; that it is necessary to have and use the land (fully described as in the petition), upon which to construct said highway, and that same is within line of such highway, and necessary to its proper and economic construction; that the land contains the acreage described above, and that State Highway Commission has been unable to effect a reasonable and amicable purchase of said property from owner. A demurrer was filed by defendant, which was overruled; thereafter an answer was filed, in substance, a general denial, except that defendant admits that she is owner of lands described and also she alleges that section 11, chap. 48 of Session Laws of Oklahoma of 1923-24, is void because in conflict with Constitution of state of Oklahoma, and repugnant to section 24, art. 2, thereof; also repugnant to section 57, art. 5, in that the right of State Highway Commission to exercise privilege of eminent domain is not mentioned in, referred to, or recited in title to the act, and that said act is so contradictory and obscure that the true meaning thereof cannot be ascertained; and finally that George F. Short is without authority to bring or maintain the action, but that same should be brought, if at all, by county attorney of Washita county, Okla. Plaintiff filed a general demurrer to defendant's answer, which was sustained; thereupon, defendant, excepting, gave notice in open court of appeal, and seeks review here.

We are of opinion that since no bad faith or oppression is relied upon, the holding in the recent case of State ex rel. Dabney, Attorney General, v. Johnson, Judge, 122 Okla. 241, 254 Pac. 61 (Decided March 8, 1927), disposes of the question at issue in the case at bar, but we shall discuss briefly the contentions of defendant.

Defendant's first position is that county attorney, if any one, should have brought the proceeding. It appears by defendant's brief that county attorney of Washita county appeared for state, along with Attorney General in presentation of this matter to the judge, and, on that account, if for no other, we would hold defendant's contention is without merit. But see section 2, subds. (a), (b), (c), (d), and (e), chap. 48, Session Laws 1923-24.

Second. It is contended by defendant that the necessity for the use of this property is in no way made to appear so as to bring the same within the provisions of the law.

"The Legislature, in providing for the exercise of the power of eminent domain, may directly determine the necessity for appropriating private property for a particular improvement or public use, and it may select the exact location of the improvement. In such a case, it is well settled that the utility of the proposed improvement, the extent of the public necessity for its construction, the expediency of constructing it, the suitableness of the location selected and the consequent necessity of taking the land selected for its site, are all questions exclusively for the Legislature to determine, and the courts have no power to interfere, or to substitute their own views for those of the representatives of the people. (Citing Monogahela Nav. Co. v. U. S., 148 U. S. 312, 13 S. Ct. 622, 37 L. Ed. 463; U. S. v. Gettysburg Elec. Ry. Co., 160 U. S. 668, 40 L. Ed. 576). Similarly, when the Legislature has delegated the power of eminent domain to municipal or public service corporations, or other tribunals or bodies, and has given them discretion as to when the power is to be called into exercise and to what extent, the courts will not inquire into the necessity or propriety of the taking." 10 R. C. L. par. 158, pp. 183, 184; citing St. L., etc., R. Co. v. Petty. 57 Ark., 359, 21 S. W. 884; Wulzen v. San Francisco, 101 Cal. 15, 35 Pac. 353, and many other cases.

It must be clear under the very terms of the Highway Act that the Legislature meant to give and did give and did vest in State Highway Commission not only right to determine what lands they should need for highway purposes, but also right to have same condemned for public use in manner set out in said act. Defendant claims that they must be held to strict observance of all requirements of the act. Upon examination of petition and exhibits thereto attached, we hold that State Highway Commission has pursued the proper procedure. State ex rel. Dabney, Attorney General, v. Johnson, 122 Okla. 241, 254 Pac. 61.

Third. The constitutionality of section 11, chap. 48, Session Laws 1923-24 is attacked, but no argument is made and no authorities are cited in support of this contention, except case of Tuttle v. Jefferson Power & Improvement Co., 31 Okla. 710, 122 Pac. 1102, which surely does not aid defendant. That case involved simply the question of whether or not furnishing of electricity to public is a public use for which power of eminent domain may be invoked. The statute referred to in that case was section 3 of Act of Legislature approved May 20, 1908, Session Laws 1907-8, page 261, conferring power of eminent domain upon water power companies, etc., and the court said that **if furnishing of such electricity were not a public use, the statute was contrary to both the state and federal Constitutions, but if it were a public use, it did not contravene either.** In case at bar, the question of public use is beyond question, for laying out, construction and maintenance of public highways is a matter of first importance to all citizens of the state, and such highways are usable by and useful to all such citizens. In fact, public highways were the earliest objects of the exercise of eminent domain in this country, and it has never been doubted that land taken for a public highway, necessary and convenient to the public, is taken for a public use. Chesapeake Stone Co. v. Moreland, 126 Ky. 656, 104 S. W. 762; Ulmer v. Lime Rock R. Co., 98 Me. 579, 57 Atl. 1001; 10 R. C. L., par. 35, p. 39, and cases cited.

The power of eminent domain does not depend for its existence on a specific grant in the Constitution; it is inherent in sovereignty and exists in a sovereign state without any recognition of it in the Constitution. The provisions found in most of the state Constitutions relating to the taking of property for the public use do not by implication grant the power to the government of the state, but limit a power which would otherwise be without limit. 10 R. C. L., par. 9, pp. 11-12, citing Garrison v. New York, 21 Wall. 196, 22 U. S. (L. Ed.) 612; Kohl v. U. S., 91 U. S. 367, 23 L. Ed. 449.

Almost every point raised in the case at bar has been finally passed upon in the case of State ex rel. Dabney v. Johnson, supra. In the first paragraph of the syllabus the court says:

"In the exercise of the power of eminent domain, there is nothing in the nature of a contract between the owner of the land and the state, or the corporation, to which the power is delegated. The owner's assent is not required, and his objections are of

no avail; all that is required is that a just compensation shall be made to the owner and the requirements of the law complied with."

The only difference between the case at bar and the case just cited is that in the latter the judge sustained the landowner's objection to appointment of commissioners, while in the instant case, the judge, in effect, overruled the objection, and appointed commissioners. Mr. Justice Phelps in the opinion said:

"We reach the conclusion, therefore that where the petition calling for the appointment of commissioners reasonably conforms to the provisions of the Constitution and statutes, as it clearly did in this case, no issue is presented calling for a judicial determination, and the functions of the court are merely ministerial."

If there were no judicial functions to be performed, there was no necessity for any answer on the part of defendant, and none is provided for by statute.

The procedure for condemnation provided for in the case at bar is governed by provisions of the statutes for condemnation by railroads, which definitely provide that report of commissioners making appraisement may be reviewed by district court, and written exceptions filed by either party in clerk's office within 60 days after filing of such report, and the court shall make such order therein as right and justice may require, either by confirmation, rejection, or by ordering new appraisement on good cause shown. It is provided that within 30 days either party shall be entitled to a jury, if he shall make written demand therefor, and also for an appeal from the decision of district court to this court. We seem to find no other provision for an appeal than that fixed by this statute.

There appears in brief of defendant this statement:

"If there were no other question involved than the condemning of the land for a new State Highway newly established and designated by the county commissioners and the Highway Commission, we would consider that case as controlling this case, but with the added question of what we believe to be an unauthorized change in the location of the established State Highway No. 14, we respectfully submit the matter for the consideration of the court. * * *"

It would be indeed a strained construction of the comprehensive terms of the Highway Act, to hold that the power granted the Highway Commission to lay out, maintain, and, if need be, condemn, lands for hundreds of miles of public highway, was ample, but that they had no power to make a change of a few hundred feet in the established highway, if the exigencies should require—such construction is not warranted either by the words or by the purpose of such act.

For the reasons given, and especially under authority of the Johnson Case, supra, we hold that trial court committed no error of which defendant may complain in sustaining demurrer to her answer, and the judgment is therefore affirmed.

FOSTER, LEACH, TEEHEE, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note—See under (3) 20 C. J. p. 515, § 2; anno. 22 L. R. A. (N. S.) 64; 10 R. C. L. pp. 183, 184; 2 R. C. L. Supp. p. 987; 4 R. C. L. Supp. p. 657; 5 R. C. L. Supp. 547; 6 R. C. L. Supp. 604. (4) 20 C. J. p. 537, § 24; 29 C. J. p. 584, § 309; anno. 22 L. R. A. (N. S.) 99; 10 R. C. L. p 39; 4 R. C. L. Supp. p. 651; 5 R. C. L. Supp. p. 540.