## BILBY et al. v. DISTRICT COURT OF NINTH JUDICIAL DISTRICT et al.

No. 23735. Opinion Filed Sept. 6, 1932.

Rehearing Denied Oct. 18, 1932.

W. W. Pryor and Hugh M. Sandlin, for petitioners.

John E. Turner and O. S. Huser, for respondents.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., amici curiae.

RILEY, J. On June 7, 1932, plaintiffs herein filed their petition in this court for a writ of prohibition against defendants in which they set out in substance that on May 19, 1932, the state of Oklahoma ex rel. J. Berry King, Attorney General, commenced an action in the district court of Hughes county against these plaintiffs having for its purpose the condemnation of certain lands alleged to be necessary for a right of way for a state highway known and designated as State Highway No. 68, running from Holdenville to Atwood in said county; that plaintiffs herein, as defendants in said action, appeared and filed their answer and cross-petition; that when said cause was set for hearing they appeared and made request of defendant George C. Crump, judge, that they be permitted to prove: (1) That no demand had ever been made upon them for such right of way prior to the commencement of the action; (2) that the blueprint filed in said cause was incorrect and untrue; (3) that no appropriation had been made to pay for said right of way, and that it was a private enterprise for the purpose of running a road across the dam of the city of Holdenville for scenic purposes, and that the State Highway Commission had stated that it was not expending any money to secure said right of way and would not build the road unless the right of way was donated to the state or secured in some manner without cost to the state; (4) that there was an understanding that certain individuals of the city of Holdenville were to pay therefor, and that the State Highway Commission was permitting its name to be used for that purpose and not for the purpose in good faith of procuring the right of way for the state; and (5) that said road crosses over the dam owned by the city of Holdenville on land which had been condemned by said city as a waterworks project and could not be taken or legally used by the state. That said request was denied and that the court stated from the bench that they had no right to a hearing other than to file objections to the report of the appraisers, and it proceeded, over their objection, to appoint appraisers.

They asked that this court issue its writ of prohibition directed to said judge, commanding him to desist and refrain from further proceeding in said court and vacate all orders made by him denying their right to be heard on their answer and all orders made in said cause thereafter.

Thereupon an alternative writ was issued by this court, commanding defendant to desist and refrain from further proceedings in said cause until the further order of this court and to show cause on June 24, 1932, why the writ should not be made permanent.

Return of the writ was made in due time, showing all proceedings had, the ruling of the district court in said matter, and the purported reasons therefor.

It is not denied that the request of plaintiffs to present evidence on the questions as noted was denied. We are asked to discharge the writ upon three grounds:

(1) Remedy by writ of prohibition is not applicable to secure the relief sought by plaintiffs.

(2) The questions raised are moot for the reason that the acts complained of had been fully completed before the issuance of the writ; and

(3) The proceedings of the district court of Hughes county fully followed the law.

Both parties and the Attorney General have filed briefs.

We pass the first two grounds upon which it is suggested the writ should be dissolved without respect to the merit of either, and pass to the principal question involved, viz., Have the plaintiffs been denied their day in court and the right to be heard upon any question upon which they were entitled to present evidence?

It is obvious from the answer filed in the condemnation proceedings and the statements made in their brief herein that the principal question they desired to be heard upon was the necessity for condemning the right of way across their land.

The only question raised in their answer was that they specifically deny that it is necessary to run said highway across the land sought to be condemned.

They raise other questions in their cross-petition which will be noted.

The first statement made in their brief is:

"The landowners demanded the right to show that there was no necessity for condemning the right of way for the reason that there was a section line paralleling the land sought to be condemned and that the owners had offered to give the land on the section line to the state with any additional land necessary on either side of the section line which the state might require to be used as a road."

The rule is well settled in this state and most others that the question of necessity in such cases is not a judicial question, but is for the Legislature. Arthur v. Co. Com'rs, 43 Okla. 174, 141 P. 1; State ex rel. Dabney, Atty. Gen., v. Johnson, 122 Okla. 241, 254 P. 61; Hennen v. State ex rel. Short, Atty. Gen., 131 Okla. 29, 267 P. 636.

In their cross-petition they raise again the question of necessity, and also that no appropriation had been made for the payment for this right of way and that the city of Holdenville or certain citizens thereof proposed to pay such expense.

Clearly this is a matter of which they have no right to complain. It is immaterial to them where the money comes from with which to pay the expense of procuring the right of way so long as they are paid full compensation. Furthermore, the state has no right to take possession until the amount fixed by the appraisers is paid to plaintiffs or into court for them.

It is next asserted that the landowners requested the court to permit them to prove that the purported road would cross on the top of a dam owned by the city of Holdenville and constructed for the purpose of impounding water for a water supply and owned exclusively by the city of Holdenville.

Certainly this is a matter wholly apart from the condemnation of plaintiffs' land, and a matter of which defendants in the proceedings to condemn the land could not complain, and the court properly denied evidence on this point.

The only other question raised was the more or less veiled assertion that the land was not in fact being sought for state highway purposes, but was a so-called private enterprise for the benefit of the city of Holdenville or certain citizens thereof.

It is not contended that the highway has not been regularly designated as a state highway running from Holdenville to Atwood, and that when constructed would be open to use by the entire public.

Had plaintiffs in their answer asserted that the road purported to be constructed would, when completed, be used exclusively by the city of Holdenville and not for the public generally, then the question of public or private use would have properly been in issue, and they would clearly be entitled to a hearing on this point. But, as we understand their position, plaintiffs contend that the road is being promulgated or promoted by the city of Holdenville or certain citizens thereof and that when constructed they will benefit largely thereby.

This may be true, and yet the use to which the road is to be put is none the less public.

One of the cases cited and relied upon by plaintiffs is Coster v. Tidewater Company, 18 N. J. Eq. 54. Therein the following rule is stated:

"The public use required need not be the use or benefit of the whole public or state, or any large portion of it. It may be for the inhabitants of a small or restricted locality; but the use and benefit must be in common, not to particular individuals or esta'es."

The cross-petition of defendants in the condemnation proceedings, plaintiffs herein, did not allege that the proposed use was exclusively for the city of Holdenville or certain individuals thereof, neither did they offer proof to this effect. The mere fact that the city of Holdenville or the citizens thereof would be benefited more than the citizens of the state at large by the proposed highway would not render the use a private one. If the use and benefit is to be in common, then it is a public and not a private use. There is no contention that such is not the case.

The fact that a highway proposed to be constructed by the State Highway Commission will benefit a certain town or city or the citizens thereof more than more remote communities or the public at large, is not sufficient to make it a private enterprise. It is only where it is intended for the exclusive use of such city or town or some private individual or group of individuals that the use may be said to be private. There being no allegation in the answer or cross-petition to this effect and no offer to make proof thereof, and the petition filed on behalf of the State Highway Commission and the affidavits attached thereto showing that the proposed use is a public use, the court was justified in appointing the appraisers.

All of the rights of the plaintiffs herein in the matter of fixing the amount of compensation can be protected under the provisions of the statute providing for a trial thereof by jury.

The motion to dissolve the writ should be, and is hereby, sustained, and the writ is dissolved.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

McNEILL, J. (specially concurring). In view of sections 23 and 24, article 2 of the Constitution, I desire to file this concurring opinion. If the land sought to be condemned is necessary for public highway purposes, the determination of that question is vested solely in legislative officials authorized to determine the necessity of the same; but when that necessity may be shown to be for no public use, then the question becomes judicial under the aforesaid sections of the Constitution.

Note.—See under (1) annotation in 22 L. R. A. (N. S.) 64; 10 R. C. L. 183, 184; R. C. L. Perm. Supp. p. 2669; R. C. L. Pocket Part, title Eminent Domain, § 158.