C. E. OWENS, Mrs. C. E. Owens, O. O.
Owens and Nabob Oil Company,
Plaintiffs in Error,

v.

OKLAHOMA TURNPIKE AUTHORITY,
Defendant in Error.

Nos. 35435, 35632.

Supreme Court of Oklahoma.

Dec. 7, 1954.

Rehearing Denied May 3, 1955.

Young, Young & Young, Sapulpa, and O. O. Owens, pro se, Tulsa, for plaintiffs in error.

Robinson, Shipp, Robertson & Barnes, Oklahoma City, Leon Shipp, Wm. L. Robertson, Oklahoma City, of counsel, for defendant in error.

WILLIAMS, Justice.

This is an action in condemnation brought by Oklahoma Turnpike Authority hereinafter referred to as plaintiff, against C. E. Owens, Mrs. C. E. Owens, O. O. Owens and Nabob Oil Company, hereinafter referred to as defendants, concerning approximately 35 acres of rural land situated in Creek County, Oklahoma, taken by plaintiff for construction of the Turner Turnpike. Three different Boards of Commissioners were appointed and filed their reports. The report and award of the first such board, in the amount of $3,170, was vacated by the trial court for the reason that two of the defendants were not parties to the action at the time of the appointment. The second such board was appointed and filed a report assessing the award to be paid to defendants at $5,163,250. Plaintiff filed a motion to vacate such award and for appointment of new commissioners, which was sustained by the trial court and a third such board was appointed. Defendants have appealed from this action of the court in cause No. 35,435. Such appeal must be dismissed, however, since it is an attempt to appeal from an interlocutory order. We said in the syllabus in the case of City of Eufaula v. Ahrens, 58 Okl. 180, 159 P. 327,

"An order setting aside the report of commissioners, appointed to view the property and assess damages sustained by property owners in condemnation proceedings, and directing a new appraisement is interlocutory and not final, and an appeal will not lie therefrom."

The third Board of Commissioners filed a report assessing the compensation to be paid defendants at $40,000. Defendants filed a motion to vacate the third award, which was overruled, the award was confirmed and the matter set for trial by jury on the amount of the compensation. The jury trial resulted in a verdict fixing the compensation at $23,500. Judgment was rendered for plaintiff in the amount of $16,600, the difference between the amount of the commissioner's award previously paid into court and the jury's verdict, and defendants appeal from that judgment in cause No. 35, 632. Defendants' appeal pertains to both the question of the right to condemn and the question of the adequacy of the award, and several contentions are advanced in connection with these questions.

In their first proposition, defendants contend that they were denied a forum in which to present the question of the reasonable necessity of taking the property involved in this proceeding. The record reveals, however, that defendants were heard at length by the trial court on several occasions and certainly were not denied a

hearing or a forum. The real basis for defendants' complaint seems to be the action of the trial court in excluding certain evidence offered by defendants. Defendants say that the court's refusal of this offer of evidence constituted a denial of a hearing and of due process. A review of the record reveals that the excluded evidence pertained to the availability of another route for the construction of the turnpike in lieu of the one chosen. The trial court quite properly refused to admit such evidence. Defendants did not contend that the amount of land sought to be condemned was excessive nor did they raise any issue as to the character of the use to which the property sought is to be subjected. Defendants merely contended that the route selected for the turnpike could have been changed in such a manner as to entirely miss the property herein involved and require the use of other property instead. They, in fact, asked the trial court to require plaintiff to change the route of the turnpike to one selected by defendants. The trial court properly refused such request, and excluded the evidence offered by defendants pertaining to the availability and desirability of a route other than the one selected by the Turnpike Authority. In this the court did not err. The same question was before this court in the case of Bilby v. District Court of Ninth Judicial District, 159 Okl. 268, 15 P.2d 38, 40, wherein we said in the body of the opinion therein:

"The first statement made in their brief is: 'The land owners demanded the right to show that there was no necessity for condemning the right of way for the reason that there was a section line paralleling the land sought to be condemned and that the owners had offered to give the land on the section line to the State with any additional land necessary on either side of the section line which the state might require to be used as a road.'

"The rule is well settled in this state and most others that the question of necessity in such cases is not a judicial question, but is for the Legislature.

Arthur v. Choctaw County Com'rs, 43 Okl. 174, 141 P. 1; State ex rel. Dabney v. Johnson, 122 Okl. 241, 254 P. 61; Hennen v. State ex rel. Short, 131 Okl. 29, 267 P. 636."

And also in the opinion in the case of City of Tulsa v. Williams, 100 Okl. 116, 227 P. 876, 879, we said:

"There is no doubt that the law of eminent domain authorizes the petitioner to fix the situs of its water reservoir. It is entitled to a water supply, and has a right to procure it from any available source. When the city government has chosen the situs for a reservoir, the courts of the state will not inquire into the matter for the purpose of demanding why some other situs was not chosen."

■ The same rule is applicable here. Where the Oklahoma Turnpike Authority has selected and designated a route for the construction of a turnpike lawfully authorized to be built, the courts of this state will not inquire into the matter for the purpose of demanding why some other route was not chosen.

■ As their second proposition, defendants contend that the trial court erred in denying defendants the right and leave to offer all their evidence of highest adaptable use and value of the property involved and in limiting the proper measure of damage to condemnees. Defendants' contention in regard to this proposition is somewhat difficult of ascertainment. We do not understand just how defendants could be said to have been denied the right to offer their evidence and we do not find anything in the record to indicate that they were so denied. We conclude that defendants' contention must be directed toward the correctness of the court's ruling on the admissibility of the testimony offered by them. In argument in support of this proposition, defendants state in their brief:

"The trial court persistently denied defendants the right and leave to offer their all expert testimony of the destructive effect of constructing the toll road * * *."

and also state:

"The trial court throughout the jury trial arbitrarily sustained Turnpike's many objections to defendants' introducing competent evidence showing the highest adaptable use of defendants' property and project as a unit."

Fairly similar argument is dealt with in our treatment of the second portion of defendants' fifth proposition. Moreover, we do not consider that the portion of defendants' brief dealing with this proposition complies with rule 15 of this court, 12 O.S.A. c. 15, Appendix, insofar as such rule provides:

"Where a party complains of the admission or rejection of testimony, he shall set out in his brief the testimony to the admission or rejection of which he complains, stating specifically his objections thereto."

We therefore decline the invitation to search the record in order to discover each instance in which the trial court sustained an objection and then determined whether each such ruling was correct or erroneous. Furthermore, we are committed to the rule that the extent of the range of inquiry to be permitted regarding the value of the property taken or damaged in eminent domain proceedings is largely in the discretion of the trial court, and the action of the trial court in admitting or excluding evidence as to value will not be disturbed unless there has been an abuse of such discretion. City of Tulsa v. Horwitz, 131 Okl. 63, 267 P. 852; State ex rel. City of Ardmore v. Winters, 195 Okl. 243, 156 P.2d 798; City of Enid v. Moyers, 196 Okl. 470, 165 P.2d 818, 173 P.2d 419. We have reviewed the lengthy record of trial in this case and are of the opinion that there was no abuse of such discretion here.

█ █ Defendants' third proposition of error is stated by them as follows:

"Where a duly appointed and qualified Board of Commissioners in a condemnation proceeding has appraised condemnees' property, has filed its report awarding compensation and damages as directed by the order of the court, and, after condemnor has filed exceptions and objections thereto and motion to vacate such report, both condemnor and condemnees have appealed from the award and demanded a jury trial, the court is without jurisdiction and authority to ignore the demands for jury trial and to sustain condemnor's previously filed motion to vacate; and the judge is also without jurisdiction and authority to appoint and instruct a 'new' Board of Commissioners; and the court erred in sustaining condemnor's motion and as trial judge erred in appointing and instructing the 'new' commissioners without any legal reason—and the court erred in confirming the 'new' Commissioners' Report."

We find no merit in such proposition for several reasons. In the first place, the trial court did not ignore the demands for a jury trial. On the contrary, the record reveals that the trial court acceded to the demands for a jury trial and set the case for trial on the jury docket at the earliest possible date, such jury trial was actually had and this appeal is prosecuted therefrom. The record further reveals that the only parties objecting to such jury trial or attempting to prevent the same were the defendants. Defendants will not now therefore be heard to complain that they were denied a jury trial. The rest of defendants' third proposition we regard as immaterial and moot. Since the Commissioners' award was superseded by the jury verdict, it is of no moment whether the court erred in appointing and instructing the new commissioners or not.

█ In their fourth proposition defendants contend that the court erred in refusing to vacate the last commissioners' award. We note that in this proposition defendants contend that the trial court should have done the very thing which they contend in their third proposition the court had no jurisdiction or authority to do. We regard the answer as being the same in both instances, however. Since the jury verdict superseded the commissioners' award, the question of the correctness of the commissioners' award has become immaterial and moot.

█ Defendants' fifth proposition concerns a number of alleged errors lumped

together under one proposition. Their first contention under this proposition is that certain remarks of the trial court in rebuking counsel prevented a fair trial. This contention is based on three different incidents which occurred during the progress of the trial. In the first incident the trial judge made the following remark:

"I will sustain that objection to that, without the making of an objection. That is about the fourth time you asked the same question. I don't want you to do it any more."

In the second incident the remark of the trial court concerning which complaint is made was:

"I don't want to know the description and don't argue that before the jury."

In the third incident complained of the record reveals that after counsel for defendants attempted to argue with the court the trial judge made the following statement:

"Don't argue with me, Mr. Young. I don't want any back lip out of you. I don't want any argument from counsel in front of the jury."

Defendants demanded a mistrial after each of the above mentioned incidents, which was denied on each occasion, and now contend that as a result they were deprived of a fair trial. We find no merit in such contention. Defendants cite as authority for their contention the line of cases holding that the trial judge should refrain from commenting on, or indicating an opinion in the presence of the jury as to the merits of the case or the truth or falsity of the testimony, such as Settle v. Crawford, 155 Okl. 291, 9 P.2d 38; Central Fire Ins. Co. of Baltimore v. Smith, 188 Okl. 203, 107 P.2d 361, and other cases of a similar nature. We find no fault with the cases cited, except that they are not applicable here. There is nothing in the remarks of the trial judge above quoted which indicates a preference for one or the other of the litigants, or includes an expression of opinion upon the merits of the controversy or an opinion concerning the truth or falsity of the testimony presented to the jury. While the last quoted remark of the trial judge may not have been in the best of taste, there is nothing in it or the other quoted remarks, which materially affected the substantial rights of defendants. As we said in the case of Empire Oil & Refining Co. v. Fields, 188 Okl. 666, 112 P.2d 395, 403,

"'Improprieties or irregularities in the conduct of a judge are fatal, however, only where there is such departure from proper and orderly method of disposing of the action that the substantial rights of a party are materially affected. The manner of emphasis or force of expression of a judge that cannot be reasonably interpreted to express a wrong opinion as to the law or facts, or to express an opinion of a fact which should be left wholly to the jury, cannot be assigned as error, so mere decisiveness or abruptness of manner is not necessarily objectionable, nor is impatience, discourtesy, or bad manners, provided the essentials of sound judicial conduct are not violated, and complaint cannot ordinarily be made of the tone of voice used by the judge, unless some actual error is committed.' 64 C.J. 102, § 107. See also 26 R.C.L. 1028, § 29."

As a further part of the same proposition, defendants assert that all evidence material to the issue must be admitted and then state that the case-made is replete with instances of the trial court's excluding competent testimony. This is in effect a repetition of defendants' second proposition, hereinabove disposed of. It is further stated in this proposition that the court sustained 205 objections made by plaintiff to testimony offered by defendants. A review of the record reveals that many of the objections were sustained on the grounds that the particular witness was not shown to be qualified to answer the particular question, and others were sustained on the grounds that the question called for a conclusion on the part of witness. No where in the briefs do defendants demonstrate the incorrectness of such rulings on the grounds given and we find no error therein. Still other objections were sustained on the grounds of incompetency, irrelevancy or immateriality, and a review of the record reveals that in

most of such instances the trial court's ruling was correct. As previously stated, we find no such abuse of discretion on the part of the trial court in its rulings as would require reversal of the cause.

As a still further part of their fifth proposition defendants state that guess work and conjectural or hearsay testimony of incompetent witnesses must be excluded. They then argue that a careful study of the testimony of all three expert witnesses for plaintiff shows each witness' testimony as to value and damages was based on hearsay testimony supplied them by others, and not on personal knowledge based on inspection of the property and that such testimony should have been stricken as hearsay.

■ It should first be noted that although defendants now contend that the testimony of three witnesses should have been stricken, the record reveals that defendants only moved to strike the testimony of the witnesses Swan and Grant at the trial of the case. We will therefore limit our consideration to the correctness of the court's ruling in refusing to strike the testimony of the witnesses Swan and Grant.

■ The record reveals that these two witnesses are qualified real estate experts and that their testimony concerned their opinions as to the value of the land in controversy. Defendants' complaint as to their testimony apparently goes to the fact that they were asked some questions in which they were required to assume a certain state of facts to be true and to give an opinion accordingly and in other questions they were asked if they had heard certain testimony given by other witnesses concerning certain matters in controversy and upon answering that they had, were then asked to state their opinion as to the value of the land based on the information gained from the testimony of the other witnesses. Defendants say that these witnesses' testimony was therefore based on hearsay and should be excluded. If it be conceded that the testimony of these two experts was based at least partially on hearsay, still it does not necessarily follow that such testimony was inadmissible. Strictly speaking, practically all expert testimony is based at

least in part upon hearsay. We have previously held that it is proper to ask an expert witness a hypothetical question based on other evidence in the case and that it is also proper to outline to an expert witness the testimony of other witnesses for the purpose of basing a hypothetical question thereon. De Camp v. Comerford, 134 Okl. 145, 272 P. 475; Shawnee Gas & Electric Co. v. Hunt, 32 Okl. 368, 122 P. 673. An expert witness may also be asked for an opinion based upon the assumption that testimony given by other witnesses is true. Colley v. Sapp, 44 Okl. 16, 142 P. 989, 1193, and see also the annotation at 82 A.L.R. 1460. Almost the identical question was before the United States Court of Appeals for the Tenth Circuit in the case of H. & H. Supply Co. v. United States, 194 F.2d 553, 556, wherein the court said:

"It may be conceded, as contended, that both Dooley and Sidwell relied in part upon hearsay sources in reaching their conclusions as to value, but this does not make their testimony as to value inadmissible. The rule is well established that an expert may testify as to value, though his conclusions are based in part, or even entirely, upon hearsay evidence."

We therefore conclude that the court did not err in refusing to strike the testimony of the two expert witnesses.

■ Defendants' final contention is that plaintiff's petition is fatally defective because it seeks to condemn certain "temporary grants for the purpose of opening stream channels." Defendants' chief complaint in this regard seems to be that the petition fails to state the length of time for which such temporary grant is to be taken. It is quite clear from plaintiff's petition that it was necessary in connection with the construction of the turnpike to go on to certain lands belonging to defendants and open certain stream channels. The land on which it was necessary to open such stream channels is specifically and accurately described by metes and bounds and is also platted on a map attached to the petition. There is left no room for doubt as to exactly what plaintiff proposes to do and where

**834**

it proposes to do it. We regard that as being all the information necessary in order to enable the parties to litigate the question of how much plaintiff shall be required to pay defendants for the right to open such stream channels. If, as defendants contend, it is necessary to know the length of time that will be required to open such stream channels in order to determine the value of such right, then reference may be had to the construction contract which was introduced in evidence and which indicated that the contractor had agreed to complete the work within 150 working days. Obviously this is all the information plaintiff could possibly give in this connection. To require more would be to require the physically impossible. We are of the opinion and hold that plaintiff's petition is sufficient under the circumstances and that the court did not err in overruling defendants' motion to dismiss it.

Judgment affirmed.