**OKLAHOMA CITY, a Municipal Corporation,
Petitioner,**

v.

**Glen O. MORRIS, Judge of the District Court
of Oklahoma County, Respondent.**

**No. 41446.**

Supreme Court of Oklahoma.

June 29, 1965.

1

Roy H. Semtner, Municipal Counselor, by Robert D. Epperson, Asst. Municipal Counselor, for petitioner.

C. Kenneth Woodard, by E. William Brown, Oklahoma City, for respondent.

IRWIN, Justice.

The City of Oklahoma City, a municipal corporation, referred to as City, commenced condemnation proceedings to acquire certain permanent and temporary easements over and across certain lands for the purpose of constructing and maintaining a storm sewer and appurtenances thereto. The defendant landowners were timely notified of the date and time set for the appointment of Commissioners as provided by Title 66 O.S.1961, § 53.

Prior to the appointment of Commissioners, certain defendant landowners filed an objection to the appointment on the grounds that City, after demand being made, refused to furnish them with a copy of the plans and specifications covering the easement sought to be condemned. In this connection it is not argued nor contended that the plans and specifications of the proposed construction are not available to defendant landowners for their inspection. The trial judge, before whom the proceedings were pending, in effect, sustained the defendant landowners' objections and the matter was continued until March 25, 1965.

On March 25, 1965, the parties appeared before the trial judge and City again requested the trial judge to appoint Commissioners. Upon ascertaining that the plans and specifications had not been furnished defendants, as requested by defendant landowners and required by order of the trial judge, the trial judge again refused to appoint Commissioners and again continued the matter.

City filed this original proceeding wherein it seeks to have this Court assume original jurisdiction and issue a writ of mandamus directing the trial judge, referred to as Respondent, to proceed to appoint three (3) disinterested freeholders as Commissioners to inspect the property involved and assess the damages as prayed for in City's Petition to Select and Summons Commissioners.

Article 7, Section 2, of the Constitution of Oklahoma, provides, inter alia, that the original jurisdiction of the Supreme Court shall extend to the general superintending control over all inferior courts. In State ex rel. City of Shawnee v. Short, 113 Okl. 187, 240 P. 700, we held:

"In an original application in this court for a writ of mandamus, where the public nature and importance of the case appear to justify it, this court will entertain original jurisdiction, and, where a clear legal right thereto is made to appear, the writ will be issued."

The relief sought in this original proceeding is not maintainable in any inferior court and is within the superintending control of this Court.

We find the matters herein presented are of such public nature and importance to justify this Court to entertain original jurisdiction, and by virtue of the authority vested in this Court by Article 7, Sec. 2, supra, original jurisdiction of the matter is entertained. See Fort v. Oklahoma Industries, Inc., Okl., 385 P.2d 470; and Meder v. City of Oklahoma City, Okl., 350 P.2d 916.

Respondent states that the only issue to determine is whether he (the district judge) was right or wrong in requiring City to amend its petition by attaching the plans and specifications of the proposed construction; and that "An examination of the petition filed in the court below clearly shows the complex and highly technical description of some of the tracts sought to be condemned. No average person, without engineering skill or special training could reasonably be expected to locate the boundaries and determine the quantity of the land taken. The description does not place the location of any manholes which will protrude to or above the surface of the ground above the proposed storm sewer nor is there any description of the contour of the land above the sewer. The use to which the

temporary easements are to be employed is not mentioned and the use of such temporary easements could possibly destroy or seriously damage the land covered by such temporary easements. These are all elements of damages to be considered by the Commissioners and should be known to the land owner prior to the appointment of Commissioners."

City and Respondent agree that Title 66 O.S.1961, § 53, is the controlling statutory provision. Such provision, inter alia, provides:

"If the owner of any real property or interest therein, * * * shall refuse to grant the right of way through and over his premises, the district judge of the county in which said real property may be situated, shall, upon the application or petition of either party, and after ten days' notice to the opposite party, * * * direct the sheriff of said county to summon three disinterested freeholders, to be selected by said judge from the regular jury list of names as commissioners, * *. The commissioners shall be sworn * * * ; and they shall inspect said real property and consider the injury which said owner may sustain * * * and they shall assess the damages which said owner will sustain by such appropriation of his land, irrespective of any benefits from any improvement proposed; * * *."

In Graham v. City of Duncan, Okl., 354 P.2d 458, we held that a condemnation proceeding brought to obtain property for public use is a special proceeding and not a civil action, to be carried out in accordance with the methods prescribed by the Legislature.

In State ex rel. Dabney v. Johnson, 122 Okl. 241, 254 P. 61, the State instituted condemnation proceedings and on motion of defendant landowners the proceedings were dismissed by the trial judge on the grounds that the State was " * * * without power to maintain an action to condemn lands for use as a county highway, * * *." The State brought an original action in this Court praying that a writ of mandamus be issued directing the district judge to re-instate the petition and to appoint commissioners as prayed for therein. In granting the writ and ordering the trial judge to appoint the Commissioners, we said:

"* * * where the petition calling for the appointment of commissioners reasonably conforms to the provisions of the Constitution and statutes, as it clearly did in this case, no issue is presented calling for a judicial determination, and the functions of the court are purely ministerial."

The above case was cited with approval in French v. Ayres, 201 Okl. 494, 207 P.2d 308.

In Town of Ames v. Wybrandt, Judge, 203 Okl. 307, 220 P.2d 693, we held that the district court in which a condemnation is pending may in such proceeding decide all proper questions relating to the right to condemn and the right to maintain the proceeding; however, the final decision on such questions must be made by the court as distinguished from the judge thereof. In that case, on the day the appointment of Commissioners was made, and prior to such appointment, a motion was filed to dismiss the petition for divers reasons, all challenging the right of condemnation. On presentation of said motion the trial judge declined to pass upon the merits thereof, and passed consideration thereof until the Commissioners had submitted their report.

In approving such procedure we said, " * * * in ordinary course, such judicial determination is not proper until the matter of the condemnation is brought before the court by objection to the report of the Commissioners for theretofore the functions of the Judge in the appointment of Commissioners are ministerial and not judicial. State ex rel. Dabney v. Johnson, Dist. Judge, 122 Okl. 241, 254 P. 61; French v. Ayres, 201 Okl. 494, 207 P.2d 308. It is by reason thereof that the act of the Judge in passing the motion to dismiss until the Commissioners had filed their report was

**4**

consistent with orderly procedure and proper."

In Wrightsman v. Southwestern Natural Gas Co., 173 Okl. 75, 46 P.2d 925, we specifically pointed out that the language in Section 53, supra, provides for the appointment of Commissioners by *the district judge* and not *the district court* and said there is a well-defined distinction between the judge of a court and the court over which he presides. In considering the statutory provisions relating to condemnation proceedings we said, " * * * the earliest time at which any question may be presented to the court proper as distinguished from the judge thereof, is upon objections filed by either party to the report of the commissioners or upon a written demand for jury trial."

■ Without question, the plans and specifications of the proposed construction will be considered by the appointed Commissioners in making their report. However, we find no statutory authority for requiring a condemnor to attach to its petition or furnish to the landowner a copy of the plans and specifications of a proposed construction on lands sought to be condemned, as a condition precedent to the appointment of Commissioners. Whether the defendant landowners are or are not entitled to a copy of such plans and specifications after the report of the Commissioners is filed is an issue for the district court to determine, as distinguished from the district judge, if and when such issue is properly presented.

■ City's petition for the selection and appointment of Commissioners reasonably conforms to the legal procedure prescribed therefor. The objection filed by defendant landowners was before the district judge and not the district court and in such capacity his functions were purely ministerial and not judicial. Since the appointment of the Commissioners was purely ministerial, the Respondent was without authority to require City to amend its petition by attaching the plans and specifications of the proposed construction.

The Writ of Mandamus is granted and the Respondent is directed to vacate his order requiring City to amend its petition by attaching the plans and specifications and to proceed with the appointment of the Commissioners as prayed for according to law.

Writ of Mandamus granted.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD and BERRY, JJ., concur.