# PRESSLEY *et al.* v. INCORPORATED TOWN OF SALLISAW *et al.*

### No. 6541.   Opinion Filed January 18, 1916.

### (154 Pac. 660.)

1. **APPEAL AND ERROR—Invited Error—Instruction.** Where, at the request of a party to the cause, an erroneous prejudicial instruction is given by the trial court to the jury, the party at whose instance such instruction is given cannot, on appeal to this court, urge a reversal based upon such error.

2. **CONTRACTS—Construction of Unambiguous Contract—Question of Law—Independent Contractors.** Whether or not a party to an unambiguous contract is an independent contractor is a question of law, to be determined by the court from an inspection of the contract, in the light of the surrounding circumstances.

3. **APPEAL AND ERROR—Ground for Reversal—Remarks of Court.** In the presence of the jury in the trial of the cause, the court *ex mero motu* made the following statement, and did not afterwards withdraw the same, or caution the jury not to regard it: "Now, this contract is introduced here. I have heard Mr. Wheeler testify. He is the engineer for the town. I have heard this contract read, and the specifications, and all that, and it occurs to me at this time that the town of Sallisaw is not liable in this matter. Well, I haven't decided the question, but, as I say, if the town is liable, it is under this contract, and the view of the court at this time is that under that contract the city would not be liable. I will instruct the jury in the matter." **Held,** that the making of such statement in the presence of the jury was prejudicial error.

4. **MUNICIPAL CORPORATIONS—Injury to Servant—Independent Contractor—Construction of Contract.** The contract in evidence in this case carefully considered, and defendant Oklahoma Engineering Company **held** not to be an independent contractor.

5. **DEATH—Recovery by "Children"—Right—Amount.** Under section 5281, Rev. Laws 1910, the right of recovery is not limited to children of a deceased father up to their majority, but extends to all children of deceased, regardless of their ages; but the recovery had, whether by minor or adult children, must be based upon the reasonable expectancy of pecuniary benefit, of which they were deprived by the death of their father.

6.    **MASTER AND SERVANT**—Negligence of Vice Principal—Liability of Principal. Where the relation of principal and vice principal exists, as in this case, the principal is liable in damages for the wrongful killing of a father, caused by the negligence of the vice principal.

(Syllabus by Collier, C.)

*Error from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Action by Ora Pressley and another, infants, by Emmett N. Ellis, as guardian, against the Incorporated Town of Sallisaw, a municipal corporation, and another. Judgment for defendants, and plaintiffs bring error. Reversed and **remanded**.

This action was brought by Ora and Una Pressley, minors, by their guardian, Emmett N. Ellis, against the incorporated town of Sallisaw, a municipal corporation, and the Oklahoma Engineering Company, a corporation, to recover damages under sections 5281 and 5282, Rev. Laws 1910, for the death of Kin Pressley, father of said minors. Said sections read:

"5281. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.

"5282. In all cases where the residence of the party whose death has been caused as set forth in the preceding section, is at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the

action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

Hereinafter the parties will be designated as they were in the trial court.

The material evidence was: That the said town of Sallisaw entered into a contract with said Oklahoma Engineering Company for the construction of a sewer system for said town; that said contract, among other things, contained the following provisions:

"The word 'engineer' in these specifications refers to the engineer in charge or to any other person employed by the board of town trustees for the purpose of directing and inspecting the construction of the sewers and disposal plant of the town of Sallisaw. The engineer will designate the order of time in which the different parts of the work shall be done, as well as the mode of doing the same.

"Should any dispute arise between the engineer and contractor as to the true meaning of the drawings or specifications in any point, the decision of the engineer shall be final and conclusive. * * * The contractor shall employ competent foreman and skilled mechanics and laborers, and shall discharge immediately, whenever requested to do so by the engineer, any man found to be incompetent, dishonest or disposed to be disorderly, and such person shall not be employed on the work again. So far as possible, the contractor shall employ permanent residents of Sallisaw for all classes of labor. * * *

"The board of town trustees may at any time before the final completion of the work, by written notice, order additional work to be done or any portion of the work to be omitted, or to make any change that may be deemed necessary or advisable. Additional work will be paid for at the rate stipulated in the proposal for that class of

work, or if of a nature not provided for in the proposal, the contractor will be paid at the rate of its costs, plus ten per cent, as determined by the engineer's account of labor and material. It is expressly understood that any work ordered omitted shall not constitute a claim for damages to the contractor for anticipated profits. * * *

"All instructions to the contractor relating to the work shall be given through the engineer and the contractor shall obey all instructions concerning the method of procedure throughout the work. * * *"

—that the death of said Kin Pressley was caused by the caving of a ditch dug in constructing said sewer system, in which ditch deceased was, as an employee of said company, working as a laborer; that the caving of said ditch was due to the negligence of said company; that said plaintiffs, Ora and Una Pressley, were minors; that the expectancy of life of said Kin Pressley was 32.50 years; that he was a healthy, sober, and industrious man; that he properly cared for his family, but had accumulated no estate; that there had been no administration upon the estate of said deceased.

During the trial of the case, the court, in the presence of the jury and without being in any manner, so far as the record discloses, called upon so to do, made the following statement, which was duly excepted to:

"Now, this contract is introduced here. I have heard Mr. Wheeler testify. He is the engineer for the town. I have heard this contract read, and the specifications, and all that, and it occurs to me at this time that the town of Sallisaw is not liable in this matter. Well, I haven't decided the question, but, as I say, if the town is liable, it is under this contract, and the view of the court at this time is that under that contract the city would not be liable. I will instruct the jury in the matter."

Said statement was not afterwards withdrawn by the court, nor the jury cautioned by the court not to be influenced thereby.

The court, upon request of plaintiffs, instructed the jury as follows:

"No. 1.   You are instructed that when a municipal corporation, such as the incorporated town of Sallisaw in this case, contracts for the making of a public improvement under the supervision and direction of its own engineer or other proper officer, by and under the terms of which contract, the contractor is subject to the orders and control of such engineer or other officer, and said engineer or officer having authority to direct the manner and mode of doing the work or the control of the employees of the contractor, then under the terms of such contract the municipal corporation is liable in damages for the neglect and wrongful killing of an employee of such contractor."

The court also instructed the jury as follows, which instruction was duly excepted to:

"No. 12.   If your verdict should be for the plaintiffs, you will assess the damages at such a sum as will compensate them for their pecuniary loss, resulting from the death of their father.  And in that connection you are instructed that said plaintiffs would not be entitled to any compensation on account of the death of the deceased for a period beyond the time of their attaining their majority."

The jury returned a verdict in favor of the town of Sallisaw and against the Oklahoma Engineering Company in the sum of $1,350, to which said verdict plaintiffs duly excepted.  Plaintiffs filed a motion for new trial, which was overruled, excepted to, and judgment entered in accord with the verdict.  To reverse said judgment

plaintiffs appeal to this court. Defendants insist that no prejudicial error intervened in the trial of this cause, and ask that the judgment, which includes an award against defendant Oklahoma Engineering Company in the sum of $1,350, be affirmed.

*Roy Frye* and *Joe Bailey Allen*, for plaintiffs in error.

*Curtis & Pitchford, Read & McDonough,* and *J. H. Jarman;* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). The request of defendants, in their brief, that the judgment against defendant Oklahoma Engineering Company in the sum of $1,350 be affirmed, is an admission that the death of Kin Pressley was due to the negligence of said company, for which said company was liable. This admission leaves the following questions for our consideration: (1) Was the Oklahoma Engineering Company an independent contractor? (2) Did the court commit prejudicial error in the statement made in the presence of the jury in regard to the nonliability of the town of Sallisaw? (3) Were said minors, daughters of deceased, entitled to compensation on account of the death of their father for a period beyond the time of attaining their majority?

That said Oklahoma Engineering Company was not an independent contractor, under the provisions of the contract hereinbefore recited, entered into with the town of Sallisaw, is not an open question in this jurisdiction. *Missouri, K. & O. Ry. Co. v. Ferguson,* 21 Okla. 266, 96 Pac. 755; *Chas. T. Derr Const. Co. et al. v. Gelruth,* 29 Okla. 538, 120 Pac. 253; *Chicago, R. I. & P. Ry. Co. v. Bennett,* 36 Okla. 358, 128 Pac. 705; *Chicago, R. I. &*

*P. Ry. Co. v. Bond,* 47 Okla. 161, 148 Pac. 103; *Muskogee Elec. Co. v. Hairel et al.,* 46 Okla. 409, 148 Pac. 1005. See, also, *New Orleans, M. & C. R. R. Co. v. Hanning,* 15 Wall. 649, 21 L. Ed. 220; *Singer Mfg. Co. v. Rahn,* 132 U. S. 518, 10 Sup. Ct. 175, 33 L. Ed. 440; *Bibbs, Adm'r, v. N. & W. R. R. Co.,* 87 Va. 711, 14 S. E. 163; *De Palma et al. v. Weinman et al.,* 15 N. M. 68, 103 Pac. 782, 24 L. R. A. (N. S.) 423; *Conners v. Hennessey,* 112 Mass. 96.

Whether or not the Oklahoma Engineering Company was an independent contractor was a question of law for the court to determine from the face of the contract, in the light of surrounding circumstances, and it was prejudicial error to submit this juestion as a question of fact to the jury. *Chicago, R. I. & P. Ry. Co. v. Bond, supra; Muskogee Elec. Trac. Co. v. Hairel et al., supra.* But the question of whether or not the Oklahoma Engineering Company was an independent contractor was submitted to the jury as a question of fact, under instruction No. 1, requested by plaintiff. Therefore the insistence of plaintiff that such action of the court was prejudicial error, or even error, has no basis upon which to stand. Certainly it is unnecessary to cite authorities to sustain the proposition that one cannot complain on appeal to this court of errors which he caused the trial court to commit, and to which no exception was, or could have been, saved.

The statement of the court, in the presence of the jury, that the town of Sallisaw was not liable, was made entirely *ex mero motu,* so far as the record discloses, and was duly excepted to by plaintiffs. This statement was not withdrawn from the jury by the court, nor was the jury instructed to disregard such statement. That said

statement of the court made a lasting impression upon the jury, affecting their verdict, is shown by the inconsistent verdict returned by the jury, finding in favor of the town of Sallisaw and against the Oklahoma Engineering Company, notwithstanding the court, in its instruction No. 1, in effect instructed that, if the Oklahoma Engineering Company was liable, the town of Sallisaw was also liable. Said statement in the presence of the jury, we think, was reversible error. When remarks, made by a judge in the progress of a trial, are calculated to mislead the jury, or prejudice the party complaining, and the verdict of the jury conclusively shows that such remarks affected their verdict, the making of such remarks in the presence of the jury is reversible error. *City of Guthrie v. Carey*, 15 Okla. 276, 81 Pac. 431; *Skelly v. Boland*, 78 Ill. 438.

The instruction of the court that said plaintiffs would not be entitled to any compensation on account of the death of their father, beyond the time of attaining their majority, does not correctly state the law. This action was brought under sections 5281 and 5282, Rev. Laws 1910, *supra*, and to hold the measure of damages as instructed by the court to be correct would be to read into said section 5281 the words "minor children," which cannot be legally done. The action for damages for the wrongful killing of the father is given to the widow and children of the deceased, regardless of the ages of the children; and that adult children, as well as minor children, are embraced in the word "children," used in said section, is emphasized by the provision in said statute that the damages are "to be distributed in the same manner as personal property"; and, also, by the provision in

said section that, if there be no widow or children, the right of recovery is given to the next of kin.

In an action to recover damages for the wrongful killing of a mother, the right of a son of the deceased to recovery for any pecuniary loss sustained by reason of the death of his mother is not limited to the term of his minority, but also extends to and includes any such loss sustained by him after reaching his majority. *Valente et al. v. Sierra Ry. Co.*, 158 Cal. 412, 111 Pac. 95.

In *Tuteur, Adm'r, v. Chicago & N. W. R. Co.*, 77 Wis. 505, 46 N. W. 897, it is held:

"The fact that the children were all of age when their mother's death was caused by negligence would not preclude a recovery for the loss of such pecuniary benefits as they had a reasonable expectation of securing from her additional accumulations."

"Under the statute giving children a right of action for negligence causing the death of their father, the right of action is not limited to minors. * * *" (*Beaumont Trac. Co. v. Dillworth* [Tex. Civ. App.] 94 S. W. 352.)

"There is no sufficient legal reason for limiting the * * * damages [in such an action (to recover damages for a wrongful death)] to the minority of the children, if the jury are legally persuaded that they will continue after that age." (*Tilley, Adm'r, v. Hudson River R. Co.*, 29 N. Y. 252, 86 Am. Dec. 297.)

"Our statute, which gives a right of action to the administrator of one negligently killed, for the benefit of the wife, husband, parent, and children, * * * does not exclude an action for the benefit of adult children. * * *" (*Petri v. Columbia & Greenville R. Co.*, 29 S. C. 303, 7 S. E. 515.)

"In an action on behalf of a minor to recover damages for the wrongful death of his mother, * * * the recovery is not limited to the pecuniary loss suffered

by the minor prior to his majority. * * *" (*Butte Elec. Ry. Co. v. Jones,* 164 Fed. 308, 90 C. C. A. 240, 18 L. R. A. [N. S.] 1205.)

Under a statute conferring a right of action on the surviving husband, wife, and children, the word "children;" as used in such statute, may include persons over the age of 21 years. *Galveston, H. & San Antonio Ry. Co. v. Kutac,* 72 Tex. 643, 11 S. W. 127.

It is unnecessary to further cite authorities to show that the right of recovery in an action by children for the wrongful death of their father is not confined to pecuniary loss sustained during their minority, but may continue after such children reach their majority, as it is, in effect, directly so held by this court on rehearing, in *Atchison, T. & S. F. Ry. Co. v. Eldridge,* 41 Okla. 463, 139 Pac. 254. See, also, *Shawnee Gas & Elec. Co. v. Motsenbocker,* 41 Okla. 454, 138 Pac. 790.

In an action, under said section 5281, *supra,* by the children of a deceased, the correct measure of damages is the pecuniary loss, regardless of the age of the children, suffered by them by reason of being deprived by the death of their father of an expectancy of pecuniary benefits, to be determined by the age, physical condition, occupation, earning capacity, habits, and the use made by deceased of his earnings. *Big Jack Min. Co. v. Parkinson,* 41 Okla. 125, 137 Pac. 678; *Oklahoma Gas & Elec. Co. v. Lukert,* 16 Okla. 397, 84 Pac. 1076; *Western Union Tel. Co. v. McGill,* 57 Fed. 699, 6 C. C. A. 521, 21 L. R. A. 818; *Bartlett v. Chicago, R. I. & P. Ry. Co.,* 21 Okla. 415, 96 Pac. 468.

As said Oklahoma Engineering Company, under the provisions of the contract entered into by it with the

town of Sallisaw, was not an independent contractor, but the servant and agent of said town, said town is liable for the negligent acts of said company as its agent, within the scope of its authority. *Chas. T. Deer Const. Co. v. Gelruth, supra; Muskogee Elec. Trac. Co. v. Hairel et al., supra.*

This case should be reversed and remanded.

By the Court: It is so ordered.