## NELSON v. GREEN.

No. 18415.   Opinion Filed July 17, 1928.

(Syllabus.)

1. Damages—Measure of Damage for Injuries to Stolen Automobile.

In case of damage to a stolen automobile the plaintiff may recover the difference between the reasonable market value of the car immediately before it was stolen and immediately after its recovery.

2. Appeal and Error—Harmless Error—Erroneous Instruction on Measure of Damages.

Section 2822, C. O. S. 1921, provides that no judgment shall be set aside or new trial granted unless it appears that the error complained of has probably resulted in the miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Held, that the error complained of

in the court's instructions as to the measure of damage did not result in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right of the defendant.

### 3. Pleading—Admission of Copy of Insurance Policy Where Unverified Denial.

Where the plaintiff attaches a copy of an insurance policy to his petition and alleges the execution and delivery of the policy, and the defendant does not deny the same under oath, under section 287, C. O. S. 1921, the allegation is taken as true and the trial court committed no error in admitting in evidence the copy attached to the petition.

Error from District Court, Oklahoma County; Wyley Jones, Judge.

Action by J. W. Green against E. Todd Nelson. Judgment for plaintiff, and defendant appeals. Affirmed.

Harry W. Priest and M. R. Belisle, for plaintiff in error.

Paul G. Darrough, for defendant in error.

HEFNER, J. J. W. Green, the defendant in error, brought this action in the district court of Oklahoma county against E. Todd Nelson, the plaintiff in error. The action sought to recover damages for failure on the part of the defendant Nelson to have an automobile insurance policy transferred to plaintiff for his protection against loss by theft.

In December, 1924, the plaintiff purchased a Chevrolet automobile from H. C. Edgmon, and at the time of the purchase C. E. Olander & Co. held a mortgage on the automobile, and an insurance policy had been issued insuring the automobile against fire and theft by the Boston Insurance Company through Olander & Co. as agents. The policy was for the sum of $400, and the expiration date was April 2, 1925. The amount due Olander & Co. on the mortgage at the time the plaintiff purchased the car was the sum of $162.12. This amount, however, included the unearned premium on the insurance policy in addition to the amount of the mortgage. When the car was sold by Edgmon to the plaintiff, Edgmon took as a part of the purchase price a note and mortgage in the sum of $162.12, and the defendant purchased the note and mortgage from Edgmon and issued his check therefor in that sum to Olander & Co.. and delivered the check in the presence and with the consent of the plaintiff to Edgmon, and the check was delivered by one of the other or both of them to Olander & Co. This check paid the mortgage held by Olander & Co.,

and in addition thereto paid the unearned premium on the insurance policy.

The plaintiff alleged the defendant agreed to have the insurance transferred to the plaintiff. The defendant alleged he did not make the promise.

After the car had been delivered to the plaintiff and the mortgage and note transferred to the defendant, without the knowledge or consent of either defendant or plaintiff, Olander & Co. and Edgmon caused the insurance policy to be canceled and the unearned premium paid to Edgmon, which he appropriated to his own use. Thereafter, on March 26, 1925, the car was stolen, and was recovered some months later in a greatly damaged condition, and by reason thereof the plaintiff sought judgment against the defendant in the sum of $500 because the defendant had failed to cause said insurance policy to be transferred to the plaintiff.

On the trial of the case the jury found the issues in favor of the plaintiff and returned a verdict against the defendant in the sum of $185.

This is not an action on the insurance policy, but is an action for damages for breach of an alleged promise on the part of the defendant to have the insurance policy transferred to the plaintiff.

The defendant denies that he ever made any such promise, but he urges if such a promise was made it was after the note and mortgage had been made to Edgmon, indorsed and assigned to him, and the full amount of the consideration paid, and that any promise on his part to cause the insurance policy to be transferred to the plaintiff was without consideration, and the breach of the alleged promise could not become the basis of an action. It must be remembered that the defendant included in the check in favor of the insurance agent an amount sufficient to cover the unearned premium on the insurance policy. This clearly shows that there was no intentional wrongdoing on the part of the defendant. The assignment of the insurance would have inured to the benefit of both the plaintiff and the defendant.

The trial court gave the following instruction, to which the defendant excepted:

"You are instructed that if the plaintiff has established by a preponderance of the evidence in this case that on December 1, 1924, he purchased a certain automobile from one H. C. Edgmon, and that the defendant E. Todd Nelson agreed with plain-

tiff to loan plaintiff the necessary money to finance said deal, and did so loan plaintiff such money, and that the defendant further agreed to have the policy of theft insurance then on said car transferred to be in favor of this plaintiff, but that the defendant failed and neglected to have said policy of theft insurance transferred and that same was canceled before the theft of said car, occurring in March, 1925, and that by reason of the failure of the defendant to carry out the terms of his oral agreement with the plaintiff to have said insurance transferred that this plaintiff has suffered a loss from the theft of said car, then and in that event, your verdict must be for the plaintiff and against the defendant."

This instruction fairly presents the law of the case with reference to the liability of the defendant, and the issues were by the jury decided in favor of the plaintiff and against the defendant.

The defendant also urges as error the instruction given by the trial court in reference to the measure of damages. The instruction is as follows:

"If you find in favor of the plaintiff, you are instructed that the measure of his recovery would be three-fourths of the reasonable market value of said automobile at the time the same was stolen in March, 1925, which amount cannot exceed the face of the policy of theft insurance, less the sum of $90, being the amount realized by the defendant from the sale of said car in a replevin action after its recovery, which net amount you will state in your verdict."

The defendant urges that the trial court should have instructed the jury that in event the verdict was in favor of the plaintiff the measure of his damage would be limited to three-fourths of the reasonable cash value of the car at the time it was stolen less its reasonable cash value at the time it was recovered. This is a correct statement of the law and should have been given by the court. The court instructed the jury that the measure of damages was three-fourths of the reasonable market value of the car at the time it was stolen less the sum of $90, the amount realized by the defendant from the sale of the car when he foreclosed his mortgage thereon. The instruction should have been less the reasonable market value of the car instead of less $90, the amount realized at the foreclosure sale. We think, however, this error is harmless. The defendant conducted the sale in foreclosing his mortgage, the car was properly advertised. and several bidders were present, some of whom bid on the car. The car sold for $90, and the defendant realized this amount on

the sale. It was to defendant's interest and was his duty to cause the car to bring the greatest amount possible at his public sale. The evidence discloses that it sold for its fair market value. One of the witnesses, Mr. A. W. Morrison, testified as follows:

"I went up with Mr. Nelson (the defendant) to the Nelson used car yard with the intention of bidding on the car and I was going to bid up to $75, but it went over that."

The foreclosure sale was conducted within a very few days after the car was recovered.

Section 2822, C. O. S. 1921, is as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Since the evidence discloses the car brought its fair market value, the defendant suffered no harmful error because of the court's instruction and, under the above statute, the judgment will not be set aside, because the error, if any, was harmless.

The defendant also urges that the court committed error in admitting in evidence a copy of the insurance policy. The defendant filed a motion to require the plaintiff to attach a copy of the policy to his petition, which was sustained by the court and a copy of the policy was attached. The petition alleged that the insurance policy had been duly executed and delivered. An unverified answer was filed, and section 287, C. O. S. 1921, provides that in all actions, allegations of the execution of written instruments shall be taken as true unless the denial of the same be verified by affidavit. The trial court committed no error in admitting the copy because a copy of the alleged policy was attached to the petition and the petition alleged the due execution and delivery of the policy and, since this allegation was not denied under oath, it was taken as true.

There being no harmful error, the judgment of the trial court is affirmed.

LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 17 C. J. p. 877, §183. (2) 4 C. J. p. 1173, §3202. (3) 31 Cyc. p. 533.