## SETTLE v. CRAWFORD et al.

No. 20671. Opinion Filed March 15, 1932.

Sigler & Jackson, for plaintiff in error.

Brown & Brown, for defendant in error Mrs. W. M. Crawford.

W. F. Bowman and Thos. Norman, for defendant in error J. A. Bodovitz.

ANDREWS, J. This is an appeal from a judgment of the district court of Carter county. The plaintiff in that action appealed to this court. Hereinafter the parties will be referred to as they appeared in the trial court.

The action was in replevin for possession of certain personal property consisting of furniture and household goods held by the defendants, and the prayer was for the possession of the property or for its value, which was alleged in the petition and affirmed in the affidavit in replevin to be of the value of $1,000. The basis of the action was an alleged default by the defendant Crawford in the payment of the balance due on a number of promissory notes given by the defendant Crawford to the plaintiff and secured by a chattel mortgage on the property sought to be recovered in the action. The defendant Crawford, in her answer to the petition of the plaintiff, alleged a conversion of the property by the plaintiff. She prayed for judgment against the plaintiff in the amount of the value of the property converted and attorney's fees.

The defendant Bodovitz answered the petition of the plaintiff and filed a cross-petition against her. In his cross-petition he alleged that he was the owner of the building in which the property was situated at the time the action was instituted and that he rented the building to the plaintiff by a written contract by the terms of which he was given a lien on the property involved in this action. He prayed for a judgment against the plaintiff in the amount of the rent due and for a lien on the property superior to the mortgage lien of the plaintiff. There was a prayer for damages to the building, but inasmuch as he did not appeal from the judgment denying that prayer, it will not be further considered herein. The defendant Crawford denied the allegation of the cross-petition.

The jury returned a verdict for the defendant Bodovitz for rent due in the sum of $200. It found the value of the property taken in the replevin action to be $800. It found that there was no agreement between the plaintiff and the defendant Crawford that the plaintiff might take possession of the property in settlement of the balance due to her. The trial court rendered judgment in favor of the defendant Bodovitz in the sum of $200 against the plaintiff and the defendant Crawford. It rendered judgment against the plaintiff and her bondsmen in favor of the defendant Crawford for the sum of $273.30, which was the difference between the amount admitted to be due the plaintiff from the defendant Crawford and the value of the property converted after allowing the $200 to the defendant Bodovitz. The plaintiff alone appealed.

In her brief the plaintiff presented one assignment of error, to wit:

"That the court made certain remarks and comments on the weight of the testimony, and that these certain remarks reflected on the plaintiff"

—her other contentions being abandoned, and that issue is the only issue for determination by this court.

This court has often admonished trial courts to refrain from any remark or demeanor touching the subject under investigation in the trial which might have a tendency to indicate the opinion of the trial court as to merits of the case, or the truth or falsity of the testimony of witnesses, and has held such conduct to be erroneous. City of Newkirk v. Dimmers, 17 Okla. 525, 87 P. 603; Pressley v. Inc. Town of Sallisaw, 54 Okla. 747, 154 P. 770; Aetna Life Ins. Co. v. Kramer, 65 Okla. 165, 165 P. 179. In Sawyer v. Brown, 108 Okla. 265, 236 P. 404, the judgment was reversed and the cause was remanded with directions to

grant a new trial for prejudicial error consisting of the excluding of offered testimony and the attitude and demeanor of the trial court in the presence of the jury. The opinion does not reflect what action might have been taken had there been no question as to the excluding of testimony and had the attitude and demeanor of the trial court in the presence of the jury alone been under consideration.

Under the provisions of section 2822, C. O. S. 1921, we are required to ascertain, if possible, whether or not the errors alleged "probably resulted in the miscarriage of justice, or constitutes a substantial violation of the constitutional or statutory right" before we set aside the judgment of the trial court and direct that a new trial be granted.

When the plaintiff secured possession of the property under the writ of replevin, she disposed of the same without further proceeding. Under the rule stated in Farmers' State Bank v. Stephenson, 23 Okla. 695, 102 P. 992, Salisbury v. First Nat. Bank, 99 Okla. 138, 221 P. 444, and Scott v. Standridge, 117 Okla. 111, 245 P. 591, the property was thereby converted. There is no conflict in the evidence as to that fact. Thereby the plaintiff became liable to the defendant Crawford for the value of the property converted to be offset against the amount due from the defendant Crawford to the plaintiff. The lease contract between the plaintiff and the defendant Bodovitz was executed in conformity with the law with reference to chattel mortgages, and it was filed in the office of the county clerk in the manner provided for the filing of chattel mortgages, and the provision thereof giving the defendant Bodovitz a lien on the household goods was sufficient in law for that purpose. It was binding not only upon the plaintiff, but upon the defendant Crawford, who purchased the property from the plaintiff after the filing of the instrument as aforesaid. There is but one question of fact as to the rights of the defendant Bodovitz to be herein considered, and that is the amount of rent due to him.

In her petition the plaintiff alleged that the property was worth $1,000, and she stated in her affidavit in replevin that the property was of that value. The defendant Crawford, in her answer, alleged the property to be worth $1,000. Therefore, there was no issue presented by the pleadings as to the value of the property, and the conflict in the evidence as to the value was of little, if any, consequence. Since the jury found the value thereof to be only $800, and since that amount is less than that fixed by the plaintiff, we cannot see where the plaintiff was prejudiced in any way thereby. The defendant Bodovitz prayed for judgment in the amount of $300 for rent for three months. The jury allowed him only $200, which amount is clearly shown by the evidence. We cannot see where the remarks of the court in any way prejudiced the plaintiff as to the $200, for, under the forms of verdict returned and the judgment rendered, the amount allowed to Bodovitz for rent was deducted from the amount found to be due from the plaintiff to the defendant Crawford by reason of the conversion of the property by the plaintiff.

The plaintiff contends that the conduct and demeanor of the trial court caused the jury to have an unfavorable opinion of the plaintiff, and that by reason thereof the jury disregarded the testimony of the plaintiff. While the conduct and demeanor of the trial court might have been improper, we are unable to find anything therein that would tend to cause the jury to disregard the testimony of the plaintiff, or to give greater weight or credit to the testimony of the defendant Crawford.

We cannot say from an examination of the record in this case that the conduct and demeanor of the trial court "probably resulted in the miscarriage of justice, or constitutes a substantial violation of the constitutional or statutory right." The plaintiff's trouble is due to the fact that she disregarded the rights of the defendant Crawford, and after having taken the property of the defendant Crawford in replevin, converted it to her own use. The value of the property was admitted by the pleadings and the verdict of the jury fixing the value was in a sum less than that admitted to be the value by the pleadings. The recovery of the defendant Bodovitz was in no wise prejudicial to the rights of the plaintiff, as the amount of that recovery was deducted from the amount that the defendant Crawford would otherwise have recovered from the plaintiff.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (1), annotation in 10 A. L. R. 1116; 26 R. C. L. 1026 et seq.; R. C. L. Perm. Supp. p. 5831; R. C. L. Pocket Part, title Trial, § 27.