## CENTRAL FIRE INS. CO. OF BALTIMORE v. SMITH.

No. 29563.   Oct. 1, 1940.

Rehearing Denied Nov. 26, 1940.

*107 P. 2d 361.*

Rittenhouse, Webster & Rittenhouse, of Oklahoma City, for plaintiff in error.

Cook & Bingaman, of Purcell, for defendant in error.

PER CURIAM. This action was instituted in the district court of McClain county by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover upon a contract of fire insurance.

The petition of the plaintiff alleged the issuance of a policy by the defend-

ant, a loss thereunder during the effective term of said policy, the giving of notice to the defendant, and the sending by the defendant of an adjuster to inspect and adjust the loss, and the execution and delivery by the plaintiff of proof of loss in compliance with the terms of the policy, and the refusal of defendant to make payment for said loss. The defendant entered a general denial and a plea in confession and avoidance whereunder it alleged that the plaintiff had been guilty of false swearing with respect to the alleged fire and the extent of his loss, and wherein it was further pleaded that he failed to furnish proof of loss as required by the terms of the policy, and a special plea of nonliability for the reason that it was alleged that plaintiff had either set the fire or caused it to be set. Reply was a general denial, and upon the issues thus framed the cause proceeded to trial before a jury. Defendant demurred to the evidence of plaintiff and at the close of the evidence moved for a directed verdict in its favor, and when these were overruled, saved proper exceptions thereto. The jury returned a verdict in favor of plaintiff and assessed his recovery at the full amount named in the policy. Motion for new trial was overruled, and the defendant appeals. Defendant assigns eight specifications of error, which it presents under three propositions as follows:

"(1) The court erred in denying defendant's demurrer to plaintiff's evidence, and in denying the defendant's motion for a directed verdict.

"(2) The court committed error in the conduct of the trial in that it invaded the province of the jury in its remarks during the progress of the trial and in the presence of the jury manifested a discriminatory attitude amounting to an expression of opinion by the trial court that the plaintiff was entitled to prevail.

"(3) That the trial court erred in giving to the jury its instruction No. 2."

Under the first proposition the defendant contended that the proof of loss which the plaintiff furnished did not comply with the requirements of the policy, and that, therefore, the same was inadmissible in evidence, and that proof of plaintiff failed, and hence that its demurrer to such evidence should have been sustained and its motion for directed verdict granted. The plaintiff introduced evidence in support of the allegation made in his petition that the defendant had sent an adjuster to inspect and adjust the loss which had been sustained, and that the proof of loss had been prepared under the direction and at the suggestion of said adjuster and that the same had been delivered to the defendant and retained by it without objection or complaint. Under the pleadings the issue as to the sufficiency of proof of loss was raised by the general denial, but it appears further from the pleading of the defendant that it had denied liability on other grounds. The proof of loss as made was not prepared in the formal detailed manner provided by the policy, but was sufficiently full and explicit to inform the defendant upon the essential matters required by the policy. In view of this fact and in view of the further fact that the evidence shows that the defendant retained the proof of loss which had been so furnished without objection and without request for more detailed information, it must be deemed that the defendant considered the proof of loss sufficient, or at least a substantial compliance with the requirements of the policy. Under such circumstances the rule announced in Insurance Co. of North America v. Cochran, 59 Okla. 200, 159 P. 247, is in point. Therein it was said:

"Where the petition alleges the making of proper proof of loss and the evidence discloses that proof of loss, though defective, was accepted and retained by the company and no complaint made of the defects or notice given the insured, held such defects waived, and further proof unnecessary."

The evidence of plaintiff being sufficient to sustain a verdict and judgment in his favor, it was not error to overrule the demurrer to such evidence and to deny the motion for directed verdict.

Under the next proposition the defendant urges that the judge of the trial court by his rulings, attitude, and demeanor indicated that the plaintiff should prevail in the action, and that for this reason the defendant was prevented from having a fair trial. As said in the case of Settle v. Crawford, 155 Okla. 291, 9 P. 2d 38:

"This court has often admonished trial courts to refrain from any remark or demeanor touching the subject under investigation in the trial which might have a tendency to indicate the opinion of the trial court as to merits of the case, or the truth or falsity of the testimony of witnesses, and has held such conduct to be erroneous. City of Newkirk v. Dimmers, 17 Okla. 525, 87 P. 603; Pressley v. Inc. Town of Sallisaw, 54 Okla. 747, 154 P. 660; Aetna Life Ins. Co. v. Kramer, 65 Okla. 165, 165 P. 179. In Sawyer v. Brown, 108 Okla. 265, 236 P. 404, the judgment was reversed and the cause was remanded, with directions to grant a new trial for prejudicial error consisting of the excluding of offered testimony and the attitude and demeanor of the trial court in the presence of the jury. The opinion does not reflect what action might have been taken had there been no question as to the excluding of testimony and had the attitude and demeanor of the trial court in the presence of the jury alone been under consideration.

"Under the provisions of section 2822, C. O. S. 1921, we are required to ascertain, if possible, whether or not the errors alleged 'probably resulted in the miscarriage of justice, or constitutes a substantial violation of the constitutional or statutory right' before we set aside the judgment of the trial court and direct that a new trial be granted."

Keeping in mind the admonition referred to in the foregoing case, we have carefully read the record and the remarks and rulings to which the defendant takes exception, and are unable to agree with the interpretation which the defendant seeks to place on such remarks and rulings, and likewise we are unable to say after a review of the entire record that such rulings and remarks probably resulted in a miscar-

riage of justice or were in violation of any constitutional or substantial statutory right of the defendant. The defense interposed was largely technical, and it is understandable how in such case a judge will sometimes become irritated and permit his irritation to become manifest; and while a judge should be careful to control his actions in this respect, yet not every such act will constitute reversible error.

The final contention of the defendant is that the court erred in giving the following instruction:

"You are instructed that it is admitted by the defendant herein, that the plaintiff, C. B. Smith, was insured by the defendant Central Fire Insurance Company of Baltimore, Maryland, against loss by fire on the household goods and personal property of himself and family, excepting currency, in the sum of $1,000, and that said policy was in force and effect at the time the fire is alleged to have occurred on Jany. 12, 1938.

"You are instructed that said policy of insurance carried a three-fourths clause as to the net value of the property destroyed; and in this connection, if you should find for the plaintiff, under these instructions, your verdict would be for three-fourths of the net cash value of the property destroyed and covered by the insurance policy, not to exceed the sum of one thousand dollars, as defined in policy sued on herein in lines 1, 2, 3, & 4 of first paragraph on 2nd page of said policy.

"Excepted to by defendant and exception allowed. Tom P. Pace, Judge."

The vice charged in the foregoing instruction is the use of the words "net value" without giving definition thereof. Taking said instruction alone, it is subject to criticism, but when taken in connection with the other instructions and the portion of said instruction which directs the jury to certain portions of the policy, we are of the opinion that the error was not such as to result in a miscarriage of justice or the violation of a constitutional or statutory right of the defendant, and that hence, under such circumstances, such error is not reversi-

ble. See section 3206, O. S. 1931, 22 Okla. St. Ann. § 1068; Nelson v. Green, 132 Okla. 29, 269 P. 299.

We are convinced that the cause under review was fairly tried and submitted to the jury under instructions which were free from fundamental error and that the verdict finds ample support in the evidence. Under such circumstances this court will not disturb the verdict or judgment rendered thereon. The plaintiff is given judgment on the supersedeas bond as prayed.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and HURST, JJ., concur.