OKLAHOMA CITY v. DOBBS.

No. 31356. Oct. 19, 1943.

*142 P. 2d 369.*

A. L. Jeffrey, Municipal Counselor. and Jno. M. Lawrence and Granville Scanland, Asst. Municipal Counselors. all of Oklahoma City, for plaintiff in error.

O. A. Cargill and O. A. Cargill, Jr., both of Oklahoma City, for defendant in error.

CORN, C. J. This is an appeal from the district court of Oklahoma county, by the city of Oklahoma City, a municipal corporation, from a judgment in favor of Mazie Dobbs, in an action for damages for the wrongful death of her husband, Charles L. Dobbs.

The parties will be referred to herein as they appeared in the trial court.

The defendant in its brief in part states:

"We desire to submit this appeal upon the one proposition contained in our demurrer to the evidence.

"In studying the evidence of the plaintiff we find that the proof only goes to the admitted facts. The defendant city admitted the employment of the deceased, Charles L. Dobbs. on the water project known as the Bluff Creek Reservoir, that he was employed as an oiler on a power shovel, that he was injured while employed and that he died as a result of the injury; and that the plaintiff was the surviving widow."

In making these admissions the defendant relied upon the well-established rule of law:

"The mere fact that an injury occurs carries with it no presumption of neg-

ligence. It is an affirmative fact for the injured party to establish that the defendant has been guilty of negligence." Jenkins v. Davis, 111 Okla. 191, 239 P. 135; New v. Bradshaw, 89 Okla. 205, 214 P. 557; Chicago, R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 P. 1182; St. Louis & S. F. Ry. Co. v. Fick, 47 Okla. 530, 149 P. 1126.

"Where plaintiff seeks to recover for damages suffered by reason of defendant's negligence, and the acts of negligence are specifically set forth in the petition, the burden of proving the negligence as alleged is upon the plaintiff . . ." Gulf, C. & S. F. R. Co. v. Harpole, 111 Okla. 301, 239 P. 609, 610.

The defendant contends that the evidence offered by the plaintiff only established those things which were admitted, and constituted no evidence of primary negligence or actionable negligence against the defendant under the holdings, supra.

Defendant admits Charles L. Dobbs, deceased, was in its employment on the water project known as the Bluff Creek Reservoir; that he was an oiler on the power shovel; that he was injured while employed; that he died as a result of the injury, and that the plaintiff was his surviving widow. These admissions attached to the defendant all the duties and responsibilities incidental to the relation of master and servant, and, therefore, the deceased, Charles L. Dobbs, was a servant of the defendant and entitled to a reasonably safe place to work, reasonably safe appliances, material and working methods, which responsibility the defendant could not delegate.

As stated in Southern Drilling Co. v. McKee, 171 Okla. 409, 42 P. 2d 265:

"It is the duty of a master to furnish a servant with a reasonably safe place in which to work, reasonably safe appliances with which to work, reasonably safe material with which to work, and a reasonably safe method by which to work, which duties the master cannot delegate so as to relieve himself of liability from injuries resulting from their violation."

In addition to the admissions made by the defendant, plaintiff proved that oilers on power shovels such as the one involved here carried out their duties of inspection and oiling while the power shovel is being operated.

Plaintiff further proved that the deceased, Charles L. Dobbs, was found in a place where he had a right to be, and where his duties would ordinarily carry him, and that the instrument he used in the performance of his duties was found laying near his body, which was the oil can used to grease the various working parts of the power shovel.

It was further proved that the shovel was operated at a distance of about eight feet from the base of the machine when being filled with dirt and farther away from the base of the machine in making the swing to a truck to be unloaded. Therefore, the operating distance from the base of the machine, so far as the shovel was concerned, would never be nearer than eight feet to the treads or base of the machine if operated properly.

It was further proved that the bucket or shovel could be brought up against the caterpillar treads of the machine if the operator so desired. The deceased, Charles L. Dobbs, was found in between the caterpillar treads of the power shovel.

Plaintiff further proved from expert testimony and by the operator, Harold Arnell, that persons could be seen out through the front of the power shovel from where the operator worked; that he was the operator in complete charge of the power shovel and he had such control over it that it could be stopped on short notice.

The defendant, through its operator and vice principal, owed a duty to the deceased, Charles L. Dobbs, to keep a lookout so as to avoid contact with him while in the performance of his duties as an oiler of the power shovel.

Causal connection between defendant's negligence and plaintiff's injury

may be shown by circumstantial evidence. See Highway Construction Co. v. Shue, 173 Okla. 456, 49 P. 2d 203.

In the case of Buxton v. Hicks, 191 Okla. 573, 131 P. 2d 1015, we held:

"Proof of injury resulting from negligence need not be made by eyewitness' testimony, but may be made by circumstantial evidence, and to sustain verdict for injured person, such proof need not rise to such degree of certainty as to exclude every reasonable conclusion other than that of jury."

The defendant, in presenting its demurrer to the plaintiff's evidence, admitted the truth of all of the evidence introduced and all of the facts which it tended to establish, as well as every fair and reasonable inference. This rule has been laid down in numerous opinions by this court.

In Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389, we held:

"A demurrer to the evidence admits the truth of all evidence introduced and of all facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which jury could reasonably draw therefrom are insufficient to support verdict for plaintiff."

To the same effect is Baker v. Chaney, 167 Okla. 164, 28 P. 2d 1092, and Jones v. Nelson, 156 Okla. 236, 10 P. 2d 408.

The jury became the judges of negligence and contributory negligence, and decided adversely to defendant. The trial court saw fit to overrule defendant's motion for new trial, which contained the errors complained of here.

From an examination of the evidence, taking into consideration all the facts and circumstances, we would not be justified in holding the trial court erred in overruling the demurrer to the evidence or the motion for a new trial.

Judgment affirmed.

RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., and OSBORN, J., dissent.