## MOSES v. MILLER.
### No. 34974.

Supreme Court of Oklahoma.
Feb. 23, 1954.
Rehearing Denied April 13, 1954.

J. C. Farmer, Robert J. Woolsey, Otho Flippo, J. B. Bailey, Tulsa, for plaintiff in error.

G. C. Spillers, G. C. Spillers, Jr., Tulsa, for defendant in error.

O'NEAL, Justice.

In this proceeding we are limited to the consideration of the following question: Did the district court err in commenting upon the credibility of the defendant's wit-

ness, Dr. C. S. Summers, in the presence and hearing of the jury?

■ The question as posed presents an oversimplification of the basic issue to be here resolved. Under our jury system the weight of the evidence and the credibility of a witness are solely for the jury. This aspect of the law of evidence is known to the merest tyro. The difficulty arises only when an effort is made to apply general principles to a concrete state of facts. We, therefore, have examined the entire record to assist us in our duty to decide whether, under the particular facts and circumstances here presented, the remark attributed to the trial judge deprived the plaintiff of a fair and impartial trial. The case is unique in that this is the third time it has been in this Court.

Our two former opinions are reported in Moses v. Miller, 196 Okl. 294, 164 P.2d 879, and in Moses v. Miller, 202 Okl. 605, 216 P.2d 979.

In the first cited case Mrs. Moses sued Dr. Miller to recover damages upon the basis of fraud and deceit alleging that she employed the defendant to remove, by surgery, her gall bladder; that after the surgery was completed the defendant advised plaintiff that the gall bladder had been removed; that several years thereafter she had an additional operation performed by surgeons in Los Angeles, California, who advised her that they removed her gall bladder. The evidence was in conflict as to whether the plaintiff's continued suffering after the first operation may have resulted from an obstruction of unknown duration in a common duct apart from her gall bladder.

After verdict for plaintiff and upon defendant's application for a new trial the judgment was vacated and plaintiff appealed.

In view of the trial court's recitation in its order granting a new trial on the ground that the verdict was without support in the evidence and was contrary to it we sustained the trial court and remanded the case for further proceeding.

In the second case the trial court sustained defendant's demurrer to plaintiff's evidence, withdrew the cause from the jury and dismissed the action at plaintiff's cost. Upon appeal we reversed solely upon the ground that plaintiff established a submissible case for the jury, and that her action was not barred by the statute of limitation. Thereafter the case was tried the third time. The case was submitted to the jury which returned a verdict in favor of the defendant. The case is here now on plaintiff's appeal and, as heretofore noted, the principal and decisive issue is whether the comment of the trial judge with reference to the credibility of the witness, Summers, presents prejudicial error requiring the reversal of the case.

As in the two former suits plaintiff here seeks damages based upon deceit and fraud; she alleged that in 1938 she employed the defendant, a physician and surgeon, at Tulsa, Oklahoma to remove her gall bladder; that defendant performed the operation and advised her that he had removed the gall bladder; that in 1941, she engaged other physicians and surgeons in Los Angeles, California, who performed an operation and removed her gall bladder; that by reason of defendant's deceit and fraud she suffered great pain and loss of earning capacity for which she seeks actual and exemplary damages.

The medical testimony consists of direct and expert evidence of fourteen physicians and surgeons and is not in substantial dispute.

Briefly stated the record discloses that the defendant, assisted by Dr. Summers, as an anesthetist, and with the assistance of two clinical nurses, performed an operation on the plaintiff and removed her diseased gall bladder. Several years later the plaintiff entered the Cedars of Lebanon Hospital in Los Angeles for surgery; that operation was performed by Dr. Rabwin and associates. The defendant Miller and associates testified that the patient's gall bladder was removed. Dr. Rabwin, called as a witness by the plaintiff, testified that he and his associates removed a sac resembling a gall bladder and removed from it two small stones and then removed a larger stone from the common duct just below the juncture of the cystic duct. He

testified that the patient's then condition was due to the stone in the common duct and not to stones in the sac referred to as a gall bladder. He stated he found the gall bladder or the sac resembling the gall bladder in its normal location insofar as its anatomical relationships were concerned, but stated it was buried in adhesions and could not be observed until the adhesions were removed; that this condition very definitely indicated that a previous gall bladder operation had been performed upon the plaintiff.

In one respect all of the medical witnesses were in accord that the surgeon in charge of an operation is the sole judge of whether the entire gall bladder should be removed or only a section thereof, or that it only be drained; that in the operation the cystic duct is severed and tied off; the stumps of the cystic duct may dilate and form a body similar to a gall bladder; that a stone in the common duct below the juncture of the cystic duct would have a tendency to cause a dilation of the severed stub of the cystic duct and that stones may reform in that area.

With this history of the case and a synopsis of the evidence upon which the verdict was based, we now advert to the circumstances as they arose in the trial court resulting in the alleged error complained of. The witness, Summers, the physician who gave the anesthetic in the original operation performed by the defendant, prepared a hospital chart which chart indicated, among other items, the removal of the plaintiff's gall bladder. Defendant had a photostatic copy of the report which was offered in evidence. Upon objection being interposed to its admissibility on various grounds, plaintiff's counsel produced the original operative report and proceeded to cross-examine Summers in great detail, item for item, and specifically upon the different colors of ink used.

The witness having repeatedly acknowledged the difference in the color of ink used, the defendant's counsel made the suggestion that the operative report be handed to the jury for its observation and inspection. After an extended colloquy between counsel the court observed that they were indulging in too much quibbling upon the subject, and then made the following comments: "But Dr. Summers is a credible witness and I think he has some rights in the examination. In other words, I think it is the duty sometimes of the court to protect the witness against insinuations by counsel." To which remark counsel for the plaintiff saved an exception, but did not suggest that the court withdraw the remark from the consideration of the jury, nor did he ask for a mistrial.

We do not agree with plaintiff's contention that the statement of the trial court under the circumstances presented by this record had the effect of reversing the tide either in favor of the defendant or against the plaintiff. Moreover, we are of the view that the remark was innocuous in its effect upon the verdict of the jury.

The evident intent of the court was, and it must have been so construed by the jury, that the judge conceived it to be his judicial duty in the orderly administration of justice to protect the witness from unwarranted insinuations of counsel; that was a proper function of the trial judge under the circumstances here presented. Moreover, it is reasonable to assume that the intent of the court was not to stress the truthfulness of the statements made by the witness, Summers, but rather to indicate that the witness was a reputable person and was entitled to respectful treatment in the examination being conducted. We are not authorized to reverse a case for inconsequential or harmless error.

Title 12 O.S.1951 § 78, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Title 12 O.S.1951 § 636, provides:

"No exception shall be regarded, unless it is material and prejudicial to

the substantial rights of the party excepting."

And Title 22 O.S.1951 § 1068, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

In the Court's instructions, which are not challenged in any respect, the court told the jury that they alone should pass upon the credibility of each witness and the weight to be given their testimony.

In the absence of an affirmative showing that the remark of the trial judge deprived plaintiff of a substantial right and resulted in a miscarriage of justice, we should not set aside a verdict of a jury and a judgment entered thereon. It should be understood that trial court's comments relative to the truth or untruth of testimony should be zealously avoided but it does not follow that an immaterial remark warrants a reversal of a cause. Harmless errors are not sufficient to needlessly prolong litigation.

In Sinclair Oil & Gas Co. v. Crane, 175 Okl. 198, 51 P.2d 711, we held:

"Comments made by a trial court relative to the truth of testimony of a witness, which testimony is so immaterial that it could not aid or hinder either party to the action, is improper, but will be considered harmless error."

See also Settle v. Crawford, 155 Okl. 291, 9 P.2d 38, where this court while condemning a trial judge's comments on the weight of the evidence or the credibility of a witness said: "but where the judgment of the trial court is supported by the evidence and is clearly just, it should not be reversed by reason of a violation of the rule where the substantial rights of the plaintiff in error have not been violated."

The same rule is announced in our former opinions in Rowland v. Morgan, 178 Okl. 600, 63 P.2d 712; Central Fire Ins. Co. of Baltimore v. Smith, 188 Okl. 203, 107 P.2d 361; Empire Oil & Refining Co. v. Fields, 188 Okl. 666, 112 P.2d 395.

As we have heretofore indicated the evidence as a whole fully supports the jury's finding that plaintiff's continued indisposition after her original operation did not result from the act of deceit and fraud charged in the petition, but resulted from a pathological condition arising some years thereafter as indicated by the evidence of her own witness, Dr. Rabwin, that her pain and suffering was caused by the large stone which he removed from the common duct, and his further testimony that he found a definite condition of adhesions in the sac or cystic stub indicating that a former operation upon the gall bladder had been performed.

A careful examination of the entire record discloses that plaintiff had a fair and impartial trial and that the remark of the court complained of did not affect the substantial rights of the plaintiff.

The judgment of the trial court is therefore affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.